*420 OPINION of the Court, by
Ch. J. Bibb.
— In an action for breach of covenant by Short against Kincaid, the parties entered into a rule of court submitting the matters in suit to reference ; the referees returned their award “ that the said Kincaid pay to the said Short, the sum of seven hundred and ninety-three dollars and ninety cents, with costs ; and upon the performance of which the said suit to terminate.” Kincaid took exceptions to the award, stating the principles upon which the arbitrators acted, and contended those principles were erroneous ; that they had committed a plain mistake in law ; that they had made the payment or performance of the award a condition precedent to the termination of the action, and therefore that the award was uncertain and not final. Two of the arbitrators *421 gave a certificate and account stating the principles upon which they had acted; and thereupon the court quashed the award ; from which an appeal was taken by consent of the parties.
And that ward is final, wblch when performed, ieavcs „„ jusc cause of action bet"cerl the fubjectmatter; arbitrament, not appearing oi cannot be*™*;, W, and exam-lned ⅛ the certificate from arbitrators,
That the award has ascertained the duty or amount of damages to be paid by Kincaid to Short is manifest; the arbitrators have left no part of the controversy to be ,. , . r r i r r adjusted rn futuro. lhe costs do not form any part or the objection to the award, and could not with propriety : they are taxed by the officer of the court according to a fixed standard, and therefore it is sufficient lor the arbitrators acting under a submission by a rule of court, to say in whose favor or against whom they are to be taxed. The arbitrators have certainly and finally determined the amouftt wt.ich Short shall have or demand and which Kincaid shall pay. This is the sense in which an award is required to be certain and final; and not that the award shall so bind the will or restrain the disposition of the parties that they' cannot raise farther controversy, however groundless, bitch an understanding of the word final as would place it in the power either party to make the award incomplete, or not final because he would r.ot perform it, never could have bewildered the head of any judge. That award is certain nvhich, to a common intent, informs each party without farther altercation, how the arbitrators have settled the difference between them, so that they may if they are so disposed perform the award, and that award is final which when performed leaves no just cause of action between the parties respecting the same subject matter. But it is said that the award is uncertain and not fina!, because the performance is to precede the termination of the suit. Surely it is very proper that the creditor should receive payment before he should be obliged to cease from pursuing his debtor ; and if the arbitrators had awarded that Short should cease his suit against Kincaid before payment of the amount awarded, that objection to the award would have been more colora-ble than the present. The award that the suit shall cease or terminate upon payment of the sum awarded, is but surplusage, the award was a certain, and a final decision of the difference without that clause, and the addition of that sentence was only “ expressio eorum qua tafite znsuntfi
*422 As to the attempt to overhale and unravel the pri»* dples and facts upon which the arbitrators acted, and not set forth in the body of the award, it is unnecessary to say any thing after the full discussion this subject has received in the case of Baker’s heirs vs. Crockett, (a) indeed the statute concerning awards would seem to be conclusive on this part of the objection. The second section provides that the award shall be returned to court, &c. — -u and shall not be invalidated, set aside of appealed from, unless it be made appear to the court, that such award was obtained bv corruption, evident partiality, or other undue means.” Section 3 declares no award made by virtue of this act “ shall be liable to fee examined into, superseded or revised by writ of error, or be set aside by the court to which it may be returned for want of form only, nor for other irregularity, if by such award it manifesdy appears that the suit, matter or controversy submitted is thereby certainly and finally decided.’5
Upon the whole, it seems to the court that the award was certain and final, and that the examination and revision of the facts and principles of the arbitrament, by «outward evidence, was illegal. — —Judgment reversed.

 Har. 388.