## Wood *vs.* Campbell.

<span style="margin-left:2em">Case 14.</span>

### APPEAL FROM NICHOLAS CIRCUIT.

1. In road cases this court decides the law of the case only.

2. It is sufficiently certain that the order of the county court, appointing viewers to view a way for a new road, which it is proposed to open, shall give the points of commencement and termination, and also a general description of the rout proposed for the road.

3. It is sufficient evidence that the viewers were sworn, if their report state the fact. It will be presumed that they took the appropriate oath. (*Short v. Kincaid*, 1 *Bibb*, 421; *Aills v. Voirs*, 1 *Marshall*, 190.)

4. The report of the viewers must state and describe the rout of the proposed road "by metes and bounds, and by courses and distances;" a failure to give the courses and distances renders the report defective.

5. The report is defective, also, which does not report the conveniences and inconveniences that would result from the opening of the road to the owners of the land through which the road will pass, and in what that inconvenience consists.

John R. Campbell applied to the Nicholas county court for the appointment of viewers to view a way for a new road to be opened; viewers were accordingly appointed, who performed that duty, made their

report to court, and upon hearing, the county court established the proposed road; an appeal was taken by B. M. Wood, through whose land the road was to pass, and the circuit court affirmed the order of the county court; and from the judgment of the circuit court Wood has appealed to this court.

Garret Davis for appellant—

Argued—1. That the order of the county court appointing viewers was defective. (2 *Marshall*, 502; 5 *J. J. Marshall*, 220.)

2. It does not sufficiently appear that the viewers were sworn. (1 *Bibb*, 514; 1 *Marshall*, 453; 1 *Littell*, 196; 1 *Monroe*, 57.)

3. That the report of the viewers is defective, in not fully responding to the requisitions of the order appointing them; but is defective in not describing the rout of the proposed road "by metes and bounds, courses and distances." (5 *J. J. Marshall*, 280; 2 *Marshall*, 502.)

4. The report is defective in failing to describe, with sufficient certainty, the ground over which it is proposed the road shall run.

5. The report does not set forth the inconveniences nor conveniences to the public, or the inconveniences to the persons through whose land the road will pass. (2 *Bibb*, 581; (3 *J. J. Marshall*, 631; 3 *B. Monroe*, 302; 6 *B. Monroe*, 118.)

6. The report does not state what additional fencing will be required, nor how much land will be taken by the road.

7. The damages assessed by the jury are grossly inadequate.

8. The court below erred in refusing to take cognizance of the question of damages.

9. That the circuit court erred in affirming the decision of the county court.

10. That public convenience did not require the opening of the proposed road.

Wood
*vs.*
Campbell.

Quisenberry and Munger for appellee—

Insist, in answer to the last objection of appellant's counsel, that public convenience calls loudly for the opening of the proposed road, and discuss that question upon the proof.

As to the second objection it was argued, that the report does sufficiently describe the grounds over which the road is proposed to pass; that the point of beginning and ending are both given, being only about two hundred and forty rods in length; that neither party required the attendance of the surveyor, as they might have done to lay down a diagram. (See *Revised Statutes*, 581.)

The reviewers state the distance of the road to be only two hundred and forty poles, over ground so level that the eye can scan it from end to end. They state the course from the beginning, as well as the distance with the metes and bounds, both natural and artificial, on the entire rout. This is all that is necessary in a case like this, where the metes and bounds, courses and distances, can be described by gate, spring, stable, stone, fence, bars, and the track of an old road to the end, at a pair of bars opposite a lane. The road passing through cleared land is sufficiently described by the objects referred to in the report; and the weight of the evidence is conclusive of the propriety of opening the road.

July 3.

Judge Simpson delivered the opinion of the court.

Case stated.

In this case, an order of the county court was made establishing a new road. An appeal was taken to the circuit court, and the order of the county court affirmed, and thereupon, an appeal to this court was taken from the decision of the circuit court.

1. In road cases this court decides the law of the case only.

The appellant has assigned errors of both law and fact. This court, in such a case, has jurisdiction only of matters of law arising on the record. *Revised Statutes, page* 587.

2. It is sufficiently certain that the order

The order appointing the viewers is objected to on the ground that it does not describe with sufficient

certainty the land over which the proposed road was to pass. The points of commencement and termination were given in the order, which also contains a general direction as to the manner in which the road should pass over the intervening space. This was sufficiently certain. It was not necessary to state in the order that the viewers should view the nearest and best way from one point to the other—the law does not require that to be done, and besides the nearest and best way might inflict great injury on the owners of the land over which the road would pass.

The viewers state in their report that they had been duly sworn before they entered on the discharge of their duties. It is contended that this statement is not sufficient evidence of the fact. Their report is part of the record, and the statement which it contains, that they were sworn, should be regarded as true, and must be deemed sufficient. If an award states the arbitrators were sworn, it is presumed that they took the oath required by the statute. *Short v. Kincaid*, 1 *Bibb*, 421; *Aills v. Voirs*, 1 *Marshall*, 190.

The report of the viewers is objected to because it does not describe the route of the road laid out, by metes and bounds, and by courses and distances, and also because it does not specify the inconveniences that will result to individuals from the opening of the road.

The Revised Statutes, page 580, require the viewers to describe the route of the road as laid out by them, "by metes and bounds, and by courses and distances." They have described with reasonable certainty the metes and bounds of the route of the road, but they have not described it by courses and distances. This omission is a fatal defect. The law requires the description to be made by courses and distances, to fix the site of the road with certainty and precision.

The report is also defective in not stating the inconveniences that would result from the opening of

---

WOOD
*vs.*
CAMPBELL.

of the county court, appointing viewers to view a way for a new road, which it is proposed to open, shall give the points of commencement and termination, and also a general description of the rout proposed for the road.

3. It is sufficient evidence that the viewers were sworn, if their report state the fact. It will be presumed that they took the appropriate oath. (*Short v. Kincaid*, 1 *Bibb*, 421; *Aills v. Voirs*, 1 *Marshall*, 190.)

4. The report of the viewers must state and describe the route of the proposed road "by metes and bounds, and by courses and distances;" a failure to give the courses and distances renders the report defective.

5. The report is defective, also, which does

MAYSVILLE
TURNPIKE CO.
vs.
HOW.

not report the
conveniences
and inconven-
iences that
would result
from the open-
ing of the road
to the owners
of the land
through which
the road will
pass, and in
what that in-
convenience
consists.

the road, to the owners of the land over which it will pass. It is not sufficient merely to state that they will suffer inconvenience from the opening of the road through their land; the report ought to show in what that inconvenience will consist, to enable the court to form an opinion of the extent of the injury they would sustain thereby.

Wherefore, the order and judgment of the circuit court is reversed, and cause remanded with directions to reverse the order of the county court establishing said road.