Judge Marshall
delivered the Opinion of the Court.
This was a writ of forcible entry and detainer, brought by Stivers against Wilson. The question in issue, was whether Wilson had entered upon the possession in fact of Stivers, and to maintain the issue on the part of the latter, it was, of course-, necessary for him to show that he had the possession in fact of the land in contest when Wilson entered. It was proved that Stivers and those under whom he claims had for many years resided upon the tract within which the land in contest is included, claiming to be possessed of it, and using it as the other wood land of the tract was used, by occasionally cutting timber &c. upon it. It also appears, that the land in contest is included in the patent of-Crow— which, as Stivers showed no title from the Commonwealth, must be taken to be, if not the only legal title, at least the elder patent—the boundary of which divides the improvements on which Stivers and his predecessors have resided, from the land in contest, and they never have had any enclosure within Crow’s patent.
In this state of case, it is well settled, by repeated ad *635 judication, that the settlement and residence of Stivers- and those under whom he claims, outside of the elder patent, did not give them possession of the interference. And it has also been repeatedly decided that, under such circumstances, the occasional use of the land within the interference, as by cutting timber on it, though continued for twenty years, does not give such a possession as bars the right of entry under the elder patent: Lillard vs. McGee, 3 J. J. Mar. 552; Smith vs. Mitchell, 1 Marsh. 208; Braxdale vs. Speed, Ibid, 105. And, a fortiori, it does not give such a possession in fact as is requisite to maintain a writ for a forcible entry. The Circuit Court, therefore, erred in refusing to give the instruction moved for by the plaintiff in error, pre-, senting substantially these principles.
The entry of a, party under the elder grant, with an intention of taking posses,sionofthe whole, tract, will give him á constructive possession of any that may be covered by a juniorgrant,(but, not in actual adverse posses-, sion) as well aa. of the rest.
It was also proved that, twelve or thirteen years before the trial, one Guthrie had entered within the elder patent, but outside of the interference, claiming under-Crow; that, about four years before the trial, Harman had entered on the interference, as the tenant of Guthrie, and built a cabin, and resided there one season, when he left it, and several years afterwards, the defendant Wilson entered on the interference and occupied the same, as the tenant of Guthrie. If Guthrie had the-right of entry upon the whole of Crow’s patent, there is no doubt that, in judgment of law, he would be deemed to have taken possession of the interference from the time of his entry, or at least from the time of Harman’s entry, and to have been in possession up to the time of the entry of the defendant; or if he had placed Haiv. man on the interference with the intent to take possession of the whole of it, the same consequence would have followed; but as the Court had no right to assume the facts upon which this conclusion rests, it did not err in refusing the second instruction asked for by Wilson,
But for the error before noticed, the judgment is reversed, and the cause remanded that a new trial may bq granted.