### Caskey vs. Lewis.

#### APPEAL FROM MORGAN CIRCUIT.

ORD. PET.

15bm 27
108 64

Case 5.

1. When the action is trespass for an entry upon land, and the title of the land is put in issue, a right of appeal exists under the Code, though the damages assessed be less than one hundred dollars.
2. In an action for breaking and entering plaintiff's close, if defendant justify his entry and claim right of entry, the affirmative is with him, and he has the right first to introduce his testimony and to conclude the argument to the jury.
3. One who resides upon a tract of land is by legal construction in possession of all the land included within the boundary of the survey, though not actually inclosed, and the occasional entry of a stranger to cut timber for fire-wood or make sugar, with or without the permission of the person possessed, does not oust the person in possession without an inclosure. (1 *Mar.* 208; 3 *J. J. Mar.* 552; 4 *Dana*, 635.)

Lewis brought his action against Caskey for entering upon his land, then in his possession, and cut- Case stated.

ting, destroying, and carrying away his timber, where-
by he sustained damages to the amount of $100.

The defendant admitted the entry upon the land,
describing in the plaintiff's petition, and that he cut
and carried away timber; but averred that the land
belonged to him, (the defendant,) and that he had a
right to do so.

Upon this issue, the defendant insisted upon being
permitted first to introduce his testimony, which the
Circuit Court refused, and permitted the plaintiff first
to introduce his proof, and to conclude the argument.
A trial was had, and the title to the land was the
principal matter litigated between the parties. The
plaintiff had a verdict, and damages were assessed
to thirty-six dollars, and judgment being rendered, the
defendant has appealed to this court.

*W. H. Burns*, for appellant—

Argued, 1. That the Circuit Court erred in refusing
to permit defendant first to introduce his proof; that
his plea was affirmative, admitting the entry upon
the land and taking the wood, and insisting upon
his right to do so as owner of the land; that without
proof on the part of the defendant to show his right
of entry, the plaintiff was entitled to a verdict for
nominal damages at least, which might be enhanced
by proof of their extent. Cited *Code of Practice,
title* 9, *article* 2, *sub-division* 2, *sub-section* 3 *and* 6 *of
sec.* 347; *also article* 13, *part* 1, *chapter* 1, *sections*
586 and 587.

2. That the occasional entry upon the land of the
defendant, by the plaintiff, to cut fire wood or make
sugar, whilst the same was in the legal constructive
possession of the defendant, did not amount to an
ouster, and give the possession to the plaintiff. Cited
*Smith vs. Morrow*, 5 *Litt.* 210; *Shrieve vs. Somers,* 1
*Dana,* 239; *Moss vs. Currie's heirs, Ib.* 266; *Gaines vs.
Buford, Ib.* 481; *Smith vs. Mitchell,* 1 *A. K. Marshall,*
208; *Braxdale vs. Speed, Ib.* 105; *Lillard vs. McGee,* 3
*J. J. Marshall,* 552.

3. The right of appeal cannot be questioned. The pleading in this case puts in issue the title to the land; although if a judgment be had for the plaintiff, it will be a judgment for money, yet the title to the land having been put in issue by the pleadings, becomes the main subject matter of contest, and one by which the parties and their privies respectively will be bound hereafter, and is in effect a decision of the right to the land on which the trespass is alleged to have been committed. The Code limiting the right of appeal was intended to apply to cases alone in which the right to recover money or personal property of less value than $100 was decided. But for another reason the right of appeal in this case exists, as the case was brought before that provision of the Code was adopted. Wherefore a reversal is asked.

*Hazlerigg*, for appellee—

Contended, 1. That there existed no right of appeal in this case. (See *Code of Practice, section* 16.) This suit is brought for money, and the damages assessed are less than one hundred dollars, and no appeal lies to this court.

2. The answer amounts only to a denial of the plaintiff's right to recover—there is no counter-claim, or set-off pleaded. The plaintiff alleges that the land on which the trespass was committed is his land—the defendant says the land is his. We take it as nothing more than a denial of the plaintiff's right to the land, and not such an affirmation of right in himself as gives him the right first to examine his witnesses and conclude the argument to the jury. The plaintiff had no right to reply; the plea was a mere traverse of the facts alleged in the plaintiff's petition. (See *Code of Practice, page* 35, *chapter* 5, *section* 132.)

3. The proof of possession by plaintiff is satisfactory. Though plaintiff did not live upon the land on which the trespass was committed, yet he lived immediately on the opposite side of the river, had used it for sugar making, horse pound, getting timber

CASKEY
vs.
LEWIS.

from it for fuel and other purposes, for forty years, to a defined boundary. This is certainly as decided a possession as could be taken without actual residence and cultivation, and so far as acts and declarations can constitute a possession. Possession is always a question of fact for the decision of the jury. (*Bowles vs. Sharp,* 4 *Bibb,* 551.) The appellant did not live within a mile of the land, and the land on which the trespass was committed is connected only by a narrow strip of mountain land. An affirmance is prayed for.

December 9.

Judge SIMPSON delivered the opinion of the Court.

This action was brought by Lewis against Caskey for entering upon the plaintiff's land, then in his possession, and cutting, destroying, and carrying away his wood and timber, whereby he had sustained damage to the amount of $100.

The defendant, in his answer, admitted that he had entered upon the land described in the plaintiff's petition, and cut and carried off wood and timber as alleged, but he averred that the land belonged to him, and he had a right to do it.

Upon this issue a trial was had, in which, as the record shows, the title to the land was the matter really litigated between the parties. The plaintiff recovered a judgment for thirty-six dollars in damages, and the defendant has appealed. His right to appeal in such a case is denied by the appellee.

1. Where the action is trespass for an entry upon land, and the title of the land is put in issue, a right of appeal exists under the Code, though the damages assessed be less than one hundred dollars.

It is contended that by the provisions of 16*th section of the Code of Practice, page* 6, this court has no appellate jurisdiction over the judgment in this case. That section provides that "where the action or proceeding is for the recovery of money or personal property, and the matter in controversy does not exceed one hundred dollars in value, or in behalf of the defendant, where the judgment of the inferior court is against him for money or personal property not exceeding in value one hundred dollars, unless reduced below that amount by a set-off or counter-claim," the

Court of Appeals shall have no appellate jurisdiction.

Under the pleadings in this case, the action assumed a mixed character. The title to the land was involved in the controversy, and the plaintiff's right to recover damages depended upon the decision of the question of title. Consequently it does not appear from the record that the matter in controversy did not exceed one hundred dollars in value, and the judgment of the inferior court against the defendant is not for money or personal property alone, but it also decides that he had no title to the land which authorized him to make the entry upon it, complained of by the plaintiff. We are therefore of the opinion, that this court has appellate jurisdiction over the judgment in this case.

Upon the trial in the court below, the defendant claimed that he held the affirmative of the issue between the parties; that the burthen of proof rested upon him, and offered to introduce evidence to sustain his defense. The court decided that the burthen of proof rested upon the plaintiff, and allowed him first to produce his evidence, and to conclude the argument before the jury. To this decision of the court the defendant excepted.

Upon the issue as made up, the plaintiff was entitled to a judgment without the introduction of any evidence. The defendant did not deny in his answer that the plaintiff was in the possession of the land, at the time the alleged trespass was committed, and admitted that he had done the acts complained of, but justified his conduct upon the ground that the land belonged to him. It devolved upon him therefore to prove this fact, otherwise the plaintiff's right to a judgment was unquestionable, and he would have had to prove only the extent of the damage sustained by him. The defendant therefore had the right claimed by him, and the court erred in refusing to permit him to exercise it.

2. In an action for breaking and entering plaintiff's close, if defendant justify his entry and claim right of entry, the affirmative is with him, and he has the right first to introduce his testimony and to conclude the argument to the jury.

It appears from the testimony upon the trial, that the land in controversy was uninclosed woodland,

3. One who resides upon a tract of land is

CASKEY
*vs.*
LEWIS.

by legal construction in possession of all the land included within the boundary of the survey, though not actually inclosed, and the occasional entry of a stranger to cut timber for fire wood or make sugar, with or without the permission of the person possessed, does not oust the person in possession without an inclosure. (1 *Marsh.* 208; 3 *J. J. Marsh.* 552; 4 *Dana,* 635.)

the title to which was in the defendant, and that it was included within the boundary of the tract of land upon which he and his vendors had resided during many years. The plaintiff did not show any title to it, but claimed it by virtue of an alleged possession of upwards of twenty years. This possession consisted in its occasional use for the purposes of making sugar upon it, and cutting and hauling therefrom timber and firewood. There was some testimony tending to show, that these acts of his did not take place in consequence of any claim to the land asserted by him, but by the permission of the defendant's vendors. If, however, he claimed the land as his own, these acts did not give him the possession of it, under the facts proved, although they might have been sufficient for that purpose, if the land had not been in the possession of any other person. But as the title to it was vested in the defendant and his vendors, and they resided upon the land during the whole time, they were in the possession of it, by legal construction, and they were not ousted of their possession by these acts of the plaintiff. They could only be deprived of their possession by an actual inclosure, and not by occasional entries upon the land, under the claim of right, which only amounted in law to trespasses upon their possession. (1 *Marshall,* 208; 3 *J. J. Marshall,* 552; 4 *Dana,* 635.)

The court therefore erred in telling the jury "that if Lewis entered upon the land in dispute, and made sugar on it from time to time, cut and used timber and fire-wood from it, and did such acts of ownership as warranted the jury to believe that he entered and thus used it with the intention of making it his own land, and had thus continuously held and used it, with such intention, for twenty years before the trespass complained of, it would authorize them to find for the plaintiff."

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.