*100 OPINION of tlie Court, by
Judge Qwsiey.
This is an appeal from a judgment in an ejectment entered in favor of the appellees, who were -plaintiffs in the court below. The appellant derived title to the land in contest under an adverse claim in the name of John Morton; and in the progress of the trial moved that court to instruct the jury “ that if they should be satisfied from the evidence in the cause that the appellant had been in actual quiet and uninterrupted possession of tlie land in contest for upwards of twenty years prior to thesueing out the writ of ejectment in the suit, and that the possession was obtained without fraud or other tortious act of the appellant, that in that case the appellee could not recover in this actionbut the court being divided in opinion, overruled the motion ; and though the appellees’ counsel were willing the instructions should be given, the court refused to do so, to which refusal the appellant’s counsel excepted.
Were the appellant in the actual adverse possession of the land in contest for twenty years before the commencement of the present suit, that possession would incontestably bar this action. But it is contended that although this is the general doctrine of the law in relation to actions of ejectment, yet as the bill of exceptions does not contain a statement of the evidence, the appellant’s case may not have required the opinion of the court on that point; and if so, that court correctly withheld the instructions.
It will not be denied, but that courts are not bound to instruct juries on mere abstract principles, which can havc.no possible influence on tlse case before them, nor will it be contended this court should reverse a judgment unless the record presents a case of palpable error. Were the record in this case, therefore, stript of all circumstances but those contained in the bill of exceptions taken to the refusal of the court to give the instructions in question, as by those exceptions the evidence is not detailed and the court may have decided correctly, we would not be authorised to say that court erred. But as those instructions appear to have been asked after the whole of tise evidence was gone through, and were predicated upon the hypothesis of the jury finding from the evidence twenty years adverse possession $ ,and as also *101 by ether exceptions taken in the further progress of the cause, that evidence is made part of the record, itbe'-Comes prpper we should look into the evidence for the purpose of ascertaining whether it in any degree conduced to prove such a possession in the appellant as could influence his case, or make it proper for the instructions to have been given. For if the evidence in any respect conduced to prove such a possession, whatever might be our opinions as to the weight or ultima ta effect of that evidence, were we required to decide upon it,'the appellant had a right to require, and the court were bound to decide the law applicable to it. That the evidence conduced in some degree' to prove such a possession, we apprehend by a slight attention to the evidence will be abundantly evident, It is true that neither the apellan! nor the appellee have been possessed twenty years by clearing or improving the land in contest, but it is clearly shewn the appellant has resided upon and actually improved and occupied for upwards of twenty years part of the land included within the lines of Morton’s survey, under whom the appellant derives his claim j and as Morton’s patent is elder in dató than that of the appellees, the possession of the appellant under Morton’s claim must be considered coextensive with the boundaries of Mqrton’s patent, and to that extent will protect the appellant in the present contest.
Ode In pof-idfton'dermng title ynder thfe el^ef conñiét— »ng grant» ’»,> poífelíed tb thé extent of th£ boundary ofthfe grant. V
The boundary of the grant is a qu%ftion of Hét to the jury. But the defendant having’’ given evidence as to hi* poiTeiBon under the coin-flifting grant* ai>d agto the boundaries, hp was entitied l» the iniftu&tea ■of the court at to the effeéi-¿f twenty pats, pofieffion in caip 'tykyuty ftaufd Ujjid , that fadfc ⅜0m The evi-&cg|j
Whether, therefore, the appellant was actually possessed of the land in contest, depends upon the extent of Morton’s patent boundary ¡ and as evidence, both parol and written, was produced by both parlies in relation to that boundary, whether it included the land in controversy formed an inquiry peculiarly proper for the jury, and the court consequently should have instructed tipia ⅛ required by the appellant.
The circumstance that the appellees’ counsel manifested a willingness that the instructions shouldbp1 given, .cannot affect the case: for as the appellant had -a right to the opinion and instructions of the court in relation to his ease, the refusal of the court to. give those instructions is an error which could not he cured by any act of the adverse party. , •
The judgment of the court below must therefore bp reverse*!, and the cause remanded to that court fer a new trial, and such other an^farther proceedings there had, as may be necessary to a final decision. The appellant must recover his costs. *