OPINION of the Court, by
Ch. J. Boyie.
This Was an action of ejectment. The parties made an agreed case, from which it appears that the plaintiff derived title to the land in controversy under a patent bearing date the 2d of December 1785, and the defendants under a patent of a later date, interfering in part with each other: that the defendants had settled upon and occupied for more than twenty years before the commencement of the action, that part of the land included in their patent which was not within the interference, but had not settled upon or occupied that part which was within the interference, until within less than twenty years before the institution of the suit; and that the plaintiff had not, nor had any one under whom lie claims, been in the actual possession of any part of the land covered by his patent, previous to the bringing of the action.
On this case the court below gave judgment for the defendants, from which the plaintiff has appealed to this court.
The question presented by the agreed case is, whether the entry or settlement by the defendants upon that part of the land covered by their patent which is not within the interference between the two patents, should be construed to give them the possession of the land included within the interference ? For if it ought not to be so construed, then they were not in possession of the land in dispute for twenty years prior to the commencement of the action, and consequently the plaintiff’s right of entry was not tolled. \
Where there is no adverse possession there can be no doubt that a man by an entry into part of a tract may acquire the possessien of the whole, provided he may lawfully enter upon the whole j but to construe an entry into part to which he has right, to give him possession of another part to which he has no rig^it, would be making an act which was light in itself tortious by construction. This would be wholly unwarranted by any precedent, and in direct violation of the principle of law which requires where an act is done which is susceptible of a twofold construction, one of which is consistent with law and the other not, that the former should prevail.
*258 A distinction is taken, and obviously for good rea-S0)1S> between the case where an entry is to have the ef-feet of vesting or divesting an estate, and the case where the estate is already in the person making the entry and the possession vacant. In the former case an entry into part, gives possession of that part only ; but in the latter a general entry into part reduces the whole to actual possession. “ And therefore (says Coke) if the lord entcreth into a parcel generally for a mortmain, or the feoffee for a condition broken, or the disseisee into a parcel generally, the entry shall not vest, or divest in these or like cases, but for that parcel. But when a man dies seised of divers parcels, and the freehold is cast by law upon the heir, and the possession in no man, then the entry into parcel generally seemeth to vest the actual possession in him in the- whole.” — Co. Lit. 15 b.
Now as the entry of the def endants in this case upon the part of their tract not within the interference, if construed to give them possession of the land within the interference, woidd have the effect of divesting the plaintiff of his right, it is clear that such a construction is contrary to the iaw as laid down by Coke. Indeed if such a construction should prevail, a party having right might be divested of ids right without any wrong being in fact done to him, or any possibility of knowing that any was intended to be done.
The judgment must be reversed with costs, and the cause remanded that judgment may be entered upon the agreed case for the plaintiff.