Judge Mills
delivered the opinion.
This is an ejectment for land, a, favor of an elder patent against a younger one. The boundaries of both were clearly established, and that the former included the latter, and that the tenants resided on the junior patent at the commencement of the suit. The tenants relied on an adverse possession for twenty years. Ii appeared that the owner of the junior grant sold one corner of his patent to another individual, who settled thereon and made an improvement; ■ — that the contract for sale was then rescinded, and the junior patentee then took back the land and settled a ten* cm thereon, and while the tenant remained there, the owner again sold a portion of the same tract to a My. Howe, including the improvement of the tenant, and that Howe settled thereon upwards of twenty years before the commencement of ibis su't; and shortly after his settlement, but within the twenty years, the owner of the junior patent demarked to Howe his quant ty in the corner of the survey, which demarkatien defined Howe’s possession, which he yet holds according to the boundary. It further appeared, that after the demárkation to Howe, no person, for some years, lived on or held an actual enclosure on the remaining part of the junior patent, for which alone this action is brought, and that it remained in this situation tiil about fifteen years previous to the commencement of Ibis action, when the junior grantee parcelled it out bv sales to the present tenants, who reside thereon. The junior par teniee himself resided on another larger patent adjoining his patent now in contest at one corner, more than twenty years before the commencement of this suit, and until this time; but it does not appear than he had any actual close within the bounds of the elder patent, and the contrary is io be inferred from the record.
For20years po session of tentee'To t«ü the right of entry of the n ss^sion Biust be uninterrupted,
A junior tering an a part of the disputed ter-th°n SOyears before suit brought, and land'entered on by metes and bounds, terin "on an other part of the dispute ^eLr'issuch an^iíitemip-í° tion of pos-witt^i-event the bar^the ancient entry ⅛ 11,¶. U*confined to those limits,
The counsel for the defendants below moved the court t® instruct the jury, that under the aforesaid circumstances, the right of entry of the lessor of the plaintiff in the lands in controversy, (being the residue of the junior grant, exclusive of Howe’s possession), was tolled and his right of recovery barred by the adverse possession of the defendants and the act of limitations. The counsel for plaintiff opposed this instruction, and prayed counter instructions, insisting that at the period of time which elapsed between the demarkation to Howe and the entry of the present tenants, the statute could not run. The court below gave the instruction as prayed for by the defendants, aud the jury found a verdict for them accordingly, and from this decision the plaintiff has appealed.
To make the bar of twenty years’possession operative and effectual, to destroy a right of entry, it is necessary that l^e Possessi°Ui claimed as adverse, should be shewn to be continued and uninterrupted. Or, in other words, if there ¡g any period, during the twenty years, in which the person Iiavlug 'he right of entry could not find an oceupant on the laud on whom he could bring and sustain bis ejectment, that period cannot be counted against him as part of the years. For it would be absurd to suppose that a har was progressing against him, at a moment when the law afforded him no action. After the demarkation to Howe, ¡jn(] until the entry of the present tenants, we cannot con-ceiye that the lessor of the plaintiff could have sustained his action against any person for the land in controversy, {|a(j he suei] Howe, he could only have recovered from him h>s possession, limited as it was, The junior patentee might have been admitted to defend Howe, but still the recovery would not thereby have been extended. Had he, during period, brought his ejectment against the owner of the younger grant, he could not have proved the actual enclosure of that patentee within the bounds of bis own Palen*> and C0Ul'se could not bave recovered, according the decision of this court in the case of Kimble against Smith, &c. 4 Bibb, 257.
^e same raoment lhere was no other tenant occupy* 'ng the Hud 10 controversy, against vvhocp an action could have been sustained. As this interruption of possession, succeeded during the aforesaid period over the whole ri0W in suit, that period ought not to be counted as part of the twenty years, and it conclusively follows, that *367 the court below erred in giving the instruction required by the defendants,and in refusing those demanded by the plaintiff.
Bibb for plaintiff, IVickliJfe for defendant in error.
Tbe decision of the court below must, therefore, be reversed with costs, and the cause remanded for new proceedings accordant with this Opinion.