J udge Underwood
delivered the Opinion of the Court.
This is a controversy relative to the position of the true boundary line between two adjoining surveys and patents. Southall’s is the elder grant ; and Summers, the lessor of the plaintiff, who succeeded in, the action of ejectment, claims under it. Bramlett’s grant, junior in date, and under which Shrieve claims, calls to adjoin Southall.
, , _ 1 he proof is, that Southall, by his tenants, took possession of his tract, obviously with the intention to hold to the full extent of its limits, before there was any improvement made by Bramlett, or those claiming under llim, upon the land in contest.
It seems that' there are two lines, the one set up by Shrieve, and the other by Summers, as the true bounda *240 ry. The land lying between them constitutes the subject of dispute.
More than twenty years before the commencement of theaclion, Shrieve, or those under whom he claims, enclosed about an acre and a half of the land between the two lines, claiming up to the line most unfavorable to Summers.. Within less than twenty years before the commencement of the action, Shrieve extended his fences, and enclosed more of the land in dispute. Shrieve therefore contends that if he passed the true boundary between the patents, he is now protected by the operation of the statute of limitations, as to the entire strip of land claimed bv him between the two lines.
The circuit court thought otherwise, and instructed the jury, in substance, “ that if they believed Southall, or those claiming under him, settled upon Southall’s patent, claiming to the extent of its boundary, before Bram-lett, or those claiming under him, took possession of any part of the land in contest ; and that Southall, or those claiming under him, have continued to occupy and claim possession of his patent boundary ever since the first settlement thereon: then any after entry upon the land within Southall’s patent boundary, by those claiming under Bramlett, and improving the same, did not in law confer possession, on those claiming under Bramlett, beyond their actual close.”
This instruction was resisted by Shrieve. Its direct effect was, to confine the protection which he claimed under the statute, to the acre and a half which had been enclosed more than twenty years before suit brought, in case the jury should believe that the line most favorable to Summers was the true patent line.
The jury found against Shrieve, and he has appealed.
We concur with the circuit court. By the settlement upon Southall’s patent, possession was acquired to the extent of its boundary — nothing appearing to limit the possession to less than the whole. 4 Bibb, 101 — 2 Marshall. 448.
According to the case of Hord vs. Bodley, 5 Lilt. Rep. 89, if the junior grantee be in possession of the lap, and the senior grantee afterwards enter thereon, and improve *241 ft part of the interference, with an intention to take possession to the extent of the patent boundary under which he claims, he is in law possessed of the whole tract ; and for the purpose of maintaining his action of ejectment against the junior patentee, may elect to be disseized. The actual occupancy by the junior patentee of that part of tiie land which is not within the interference with the elder grant, does not give possession of the part within the interference, although the elder patentee never actually entered upon any pari of the land included in his patent. 4 Bibb, 257 — 1 Marshall, 208 — 3 Marshall, 128. The converse of this is true in respect to the senior paten-tee making an entry on the outside of the interference not then adversely held by the junior patentee, unless he intended by the entry not to take possession of the interference. 1 Marshall, 347 — 3 Marshall, 615.
Under the doctrine of the books cited, those claiming under Southall must be regarded as in possession of the entire tract patented to Southall,, from the date of their first settlement ; and it follows, that the extension of the fences, thereafter, by those claiming'under Bramlett, over the true line, upon the possession of those claiming under Southall, did not amount to a disseizen of the pri- or possession, beyond the quantity actually enclosed. It is like the case of junior patentee entering after the elder patentee. The possession acquired by such entry is confined to the actual close. 2 Marshall, 448 — 5 Monroe, 543.
It follows, that Shrieve was only protected by the statute to the extent of the acre and a half cleared and fenced for more than twenty years prior to the institution of the suit.
There is a dictum, in West vs. Price’s Heirs, 2 J. J. Marshall, 388, which seems to conflict with the foregoing cases. It is intimated in West vs. Price’s Heirs, that the junior patentee entering into the lap, acquires a possession of his entire tract, against the elder patentee, who had previously entered outside the lap. 'I liis was intimated without any examination of the cases. It was unnecessary to the decision of the case, and is not law.
*242 The evidence in respect to the disputed lines, was of such a character, that the finding of the jury cannot be disturbed. We should have sustained the' verdict, had they found for Shrieve.
The deed from McClure to Cravens was legitimate evidence for the purpose for which it was offered.
Judgment affirmed, with costs.