Opinion of the Court.

ELIZABETH SURRATT *v.* A. N. DONALDSON.

**Land and Conveyances—Entry Under Junior Patent.**

 The entry on land under a junior patent, outside of the interference, does not give the person so entering, possession of any part of the land within the interference.

**Same—Constructive Possession.**

 Mayo and those under him, having the elder grant, were in the constructive possession to the boundary of his grant,; when appellee's vendor entered: **Held** that their entry only operated to oust the grantee of the elder patent of the land within the interference to the extent of the actual entry and enclosure.

APPEAL FROM MCCRACKEN COMMON PLEAS COURT.

February 24, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This is a controversy about a parcel of land supposed to contain about 40 acres but no survey has been made of the land claimed by the contending parties.

The action was in the nature of an action of ejectment brought by appelalnt in 1866, claiming under a patent to John Mays, bearing date of 1806, the case was submitted to a special judge by agreement, a jury dispensed with, and all objection to appellant's derivation of title from the patentee waived, which we construe to mean that the defendant admitted that her derivation of title from the patentee was regular.

The court rendered judgment for the defendant, and the plaintiff below prosecutes this appeal.

Appellee claiming under a patent to L. Wood issued on the 15th of February, 1836, for a quarter section of land which interferes with the patent of Mayo to the extent of the land in controversy, relies on a continuous adverse possession of more than 20 years by himself and those under whom he claims as a bar to appellant's right of entry.

The proof shows that as early as 1819, tenants had been settled

on the land covered by Mayo's patent under that claim, and continued to occupy under his claim, and were there at the date of Wood's patent, but none were in the actual possession of the lap, or interference, when his patent issued, and perhaps never had an actual possesion within the interference, that possession was taken of the land by Wood, granted to him even before he got his patent, and from that period on to the commencement of this action he and those claiming under him have been in the occupancy of the land claiming up to the boundary of the patent for the 160 acres, and as early as 1836, or 1837, an actual entry was made within the interference by Lyle, and a field of about 10 acres cleared, fenced, and put in cultivation, which has been inclosed, and cultivated ever since by those claiming under the patent to Wood, and adverse to appellant.

The entry on the land under the junior patent outside of the interference did not give the person so entering possession of any part of the land within the interference. *Trimble vs, Smith etc., 4 Bibb 257.*

Mayo and those under him having the elder grant were in the constructive possession of the land to the boundary of his grant when appellee's vendors entered, and their entry only operated to oust the grantee of the elder patent of the land within the interference to the extent of the actual entry and inclosure and no farther. *Shrieve vs. Summers 1 Dana 239. Moss vs. Currie Ib 267.*

As therefore it does not appear from the evidence that appellee had all the land within the interference actually inclosed, the court below erred in rendering judgment for appellee.

Wherefore the judgment is *reversed,* and the cause is remanded with directions to award a new trial, and for further proceedings consistent herewith. It seems to be difficult to settle this controversy without a survey of the land in dispute. There was no error in the court in refusing to permit appellant to file amended petition.

*Crossland, Boon, for appellant.*

*Husbands, for appellee.*