Kerr v. Gibson.

———●———

CASE 24—PETITION EQUITY—SEPTEMBER 14.

8bu 12)
.21   731

# Kerr v. Gibson.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. DEPOSITIONS CAN NOT BE READ AGAINST A PARTY who was made a defendant by an amended petition filed after the depositions were taken.
2. DEPOSITIONS TAKEN IN ONE SUIT MAY BE READ IN ANOTHER, when it is made to appear that they were taken between the same parties or persons claiming in privity with them.
3. A WITNESS, AFTER GIVING HIS DEPOSITION, WAS MADE A DEFENDANT IN THE ACTION by an amended petition. His own deposition might be read against him, but other depositions taken before he was made a party could not be read against him.
4. It was not necessary for a party before the trial commenced to file exceptions to the reading of depositions which were taken before he was made a party to the suit.

PIRTLE & CARUTH,  }
BARR & GOODLOE,   }  . . . . . . . For Appellant,

CITED

Civil Code, sections 617, 629, 808.
1 Greenleaf on Evidence, section 554.
2 Phillips on Evidence, page 88.

VOL. VIII.—10

2 Daniel's Chancery Practice, 866.
7 B. Monroe, 120, Cosby v. Wickliffe.
4 Wallace, 222.                10 Wallace, 427.
2 Howard (Miss.) 701.          11 B. Monroe, 278.
2 Simmons & Stuart, 481.
4 Washington C. C. 186.        2 Hill, 538.
1 Simons, 1, Pratt v. Barker.
5 Maddock, 81, Quantolk v. Bullen.

BARNETT & EDWARDS, . . . . . . . . For Appellee.
(Brief not in record.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case the depositions taken in the original suit between the appellees Gibson, as plaintiff, and E. D. Tyler, defendant, were not competent as against the appellant, and ought not to have been read on the hearing. All these depositions had been taken previous to the filing of the amended petition by which Kerr was made a defendant in the action. He was in nowise interested in the issue between Gibson and Tyler, and unknown to the record (except as a witness) until brought before the court by this amendment. The settled practice in our courts previous to the adoption of the Code of Practice was to admit depositions taken in one suit to be read in another, when it was made to appear that they were taken between the same parties or persons claiming in privity with them. The provisions of the Code of Practice on this subject has not changed the rule. Section 649 of the Code reads: "No deposition shall be read on the trial unless before the commencement thereof it was filed with the papers in the case." Section 651 reads: "No exception other than to the competency of the witness, or to the relevancy or competency of the testimony, shall be regarded unless filed and noted in the record before the commencement of the trial." These two sections of the Code are intended to apply to depositions taken between parties to the action; this is the proper and legal construction to be given them.

The depositions read in this case against Kerr were taken in another cause and on an issue to which he was no party. It was not required of appellant to file exceptions to these depositions, but on the contrary the filing of such exceptions would have been improper. Before the issue presented by the amended petition the burden of proof was on the appellee, and upon a motion made by appellee to read these depositions on the issue between him and Kerr, and an order so entered, then an exception to the ruling of the court by appellant would have been proper. The only evidence in the case between Gibson and Tyler that could have been read against Kerr was Kerr's own deposition.

The cause is reversed, and the court below directed to set aside the judgment and order of submission on the amended petition so far as the same affects the appellant Kerr, with leave to the appellee to take proof on this branch of the case.