## Brock et al. v. Howard et al.

March 18, 1947.

J. J. Tye, Special Judge.

Henry L. Bryant for appellants.

Cleon K. Calvert and James M. Gilbert for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellees instituted this action against Matt Brock to quiet their title to a tract of land containing about 76 acres at the head of Gabe's Branch in Bell County. The tract in question is a part of one of three tracts which Gabe Lefevers had acquired prior to 1914, and is referred to as the tract at the head of the branch. Lefevers conveyed all three tracts to the Howards in

1914 in a deed of conveyance which described them in one boundary.

After all of the proof was taken, including the deposition of the appellant, Carter Helton, the appellees filed an amended petition making Helton a party to the action. The amended petition was filed during vacation and without permission of the court. Helton objected to this method of procedure on several grounds, one of them being the attorneys for the appellees required a separation of the witnesses and thereby deprived him of his substantial rights, if he was to be a party to the action. Apparently, the reason for making Helton a party defendant was that he had conveyed the surface of the land in dispute to Brock, but had retained the mineral rights. Brock's deed had been put to record, so the appellees had constructive notice that Helton was claiming the minerals. Since the appellees were claiming both the surface and the minerals, they should have made Helton a party defendant at the outset. He was not interested in the dispute between Brock and the appellees as to the surface of the land, but, of course, was vitally interested in the mineral rights. He should have been given an opportunity to make his own defense and the evidence taken in the case between the appellees and Brock was improperly considered against him. Kerr v. Gibson, 71 Ky. 129. This element of the case may become moot, however, if our theory of the dispute between the appellees and Brock is correct.

The appellees base their claim to the disputed tract solely on adverse possession. The deed from Gabe Lefevers to the appellees, on which they rest their color of title, was a deed for 200 acres. This 200 acre tract extends from the mouth of Gabe's Branch to the head of the branch. Located at the head of Gabe's Branch on this 200 acre tract is the 76 acres in dispute in this controversy.

The deeded tract originally consisted of three tracts of land but was conveyed as a single tract by Gabe Lefevers to the Howards. It is the contention of the appellees that, since Lefevers conveyed the three tracts to them in a single tract, possession on any part of the entire tract extended to the limits of the boundary described in that deed. The deed recited the source of

whatever title Gabe Lefevers had as follows: "Deed of Gabriel Hoskins and wife to Gabe Lefevers, dated May 31st, 1897, of record at page 33 of deed book 36, in the Clerk's office of the Bell County Court; deed from Noah Lefevers and wife to Gabe Lefevers, dated July 20th, 1907, of record at page 459 of deed book 53, in the Clerk's office of the Bell County Court, and deed from James Johnson and wife to Gabe Lefevers, dated May 17th, 1902, of record at page 79 of deed book 44 in the Clerk's office of the Bell County Court."

The tract conveyed by Gabe Hoskins to Gabe Lefevers is shown by the evidence to be located at the mouth of Gabe's Branch. The source of title in the deed from Gabe Lefevers to the Howards shows that this tract was conveyed in 1897. John C. Howard, one of the plaintiffs, testified that Gabe Lefevers lived at the mouth of the branch in the old Gabe Hoskins house from the time he bought it until he sold it in 1914 to the plaintiffs. Sonny Lefevers, a witness for plaintiffs, also testified to this fact. Thus it is shown by the plaintiffs' own testimony that Lefevers had established adverse possession to this tract at the mouth of the branch and he therefore conveyed good title to his part of the 200 acre tract. Other testimony introduced to show adverse possession indicates that in the main the possession of the plaintiffs was limited to the house at the mouth of the branch. Since their possession was on a tract to which they had good title, they were limited to this tract and their possession did not extend to the limits of the described boundary in the 200 acre tract. Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130, Ann. Cas. 1917E, 629.

The plaintiffs also base their adverse possession claim on an old forfeiture statute which was repealed in 1938, but which was in force in 1931 when the title to the Morehouse patent, under which the defendants claim, was forfeited. This old statute is 4076g, Kentucky Statutes, and reads as follows: "All title and claim proceeded against under this article and forfeited to, and vested in, the Commonwealth and not purchased back by the owner or claimant thereof, as authorized in sec. 4076e hereof, whether such forfeiture be for past delinquencies or for future delinquencies as authorized under sec. 4076k hereof, shall be, and is hereby, transferred to, and

314

vested in, any person for so much thereof as such person, or those under whom he claims, has had the actual adverse possession for five years next preceding the judgment of forfeiture, under claim, or color of title, derived from any source whatsoever, and who, or those under whom he claims, shall have paid taxes thereupon for the five years in which such possession may have been or may be held; and in those in privity with such person, his heirs, representatives or assigns, as to the mineral or other interests or rights in or appurtenant to such land.''

It is apparent that the plaintiffs have no better claim under this statute than they had under the 15 year statute. Ky. St. sec. 2505. Although this statute requires only five years of adverse possession next preceding the judgment of forfeiture, the evidence wholly fails to establish such possession for the same reason that it failed to establish possession under the 15 year statute, i. e., the possession was limited to that tract to which they had good title. The only showing of possession on the disputed tract is possession which started about 1929, which was only two years prior to the time the Morehouse patent was forfeited.

It follows, therefore, that the judgment should be and it is reversed, with directions that it be set aside and for the entry of a judgment consistent with this opinion.