**FLETCHER et al. v. BRINGARDNER LUMBER CO., Inc.**

Court of Appeals of Kentucky.
May 16, 1952.

---

J. H. Asher, Hyden, Logan Patterson, Pineville, for appellants.

W. H. Lewis, Hyden, E. B. Wilson, Pineville, for appellee.

Cleon K. Calvert, Pineville, as amicus curiae.

STANLEY, Commissioner.

The appellee, Bringardner Lumber Company, sued E. P. Fletcher and Edwin L. Kies, partners doing business as the Fletcher Lumber Company, to enjoin the cutting and removing of timber from a 40 acre tract. The Fletcher Company offered several defenses and entered a counterclaim of title to the timber, alleging the land belonged to William Vizard. After seven or eight years, during which a record of several hundred pages and many maps was made, the chancellor rendered judgment for the plaintiff.

Bringardner traced title to the disputed tract back to the Commonwealth, namely, the Degroot Patent No. 44236 of 200 acres. As we understand the proof and the concessions of Bringardner, the eastern and southern parts of the Degroot Patent were embraced within the senior Collins Patent of 50 acres (No. 15888) and the western part was embraced within the senior Nance Patent of 50 acres (No. 43399). It denies the central and northern part of the Degroot Patent, of which the 40 acres in controversy is a part, was within either of these senior patents. Bringardner very satisfactorily traces a legal, superior record title to the disputed tract.

Fletcher Lumber Company's initial claim of a record title appears to rest upon the Collins and Nance patents, but they were unable to show that either of the patents covered the disputed tract, although their deeds included the 40 acres. Fletcher's case was resolved into a claim of title by adverse possession supplemented by a rather weak claim of record title to the western part only. The tract in dispute is divided by a ridge running north and south. The Fletcher Company's title to the western slope (a part of what is called the Buck Hollow boundary of 229 acres) came from B. P. Wilson, and their title to the eastern slope (on the Trace Branch side, a part of a 979.89 acre tract) was acquired from the heirs of Simeon B. Wilson.

1. The Buck Hollow part. We gather no one ever claimed to have actually lived on this portion of the Wilson 229 acre tract. The dwelling house was located on the part not in dispute, although it was close to the line. Wilson had lived upon the land for 12 or 15 years before 1911, when he sold it to the Vizard Investment Co., and he and others seemed to have lived there by grace of or under lease from Vizard until this controversy arose. At some undisclosed time, perhaps in the early 1930's, the trees which Wilson regarded as on the boundary of the 229 acres were marked with paint, but whether this embraced the parcel is not altogether clear to us. Whether it did or not, Fletcher's case

rests on constructive possession through extension of the boundary by Wilson under a void patent title. None of this part was cleared and no act of proprietorship was ever committed in relation to it.

 Title gives constructive possession, and Bringardner had that. There can no more be two hostile constructive possessions of the same land at the same time than there can be two hostile actual possessions of the same land contemporaneously. No concept of constructive possession by the mere claim of extension of the boundary of Wilson could extinguish the true title of the rightful owners, Bringardner and its predecessors. To have done that there must have been actual occupancy of the disputed tract or such acts of dominion as constituted adverse possession. Interstate Investment Co. v. Bailey, 93 S.W. 578, 29 Ky.Law Rep. 468; Piney Oil and Gas Co. v. Scott, 258 Ky. 51, 79 S.W.2d 394; Brock v. Howard, 304 Ky. 311, 200 S.W. 2d 734. Wilson and his successors were in the actual possession of the adjoining or surrounding land under a superior record title, but it was not enough merely to reach out and say that the contiguous property was theirs. The principle was laid down in the initial case, Trimble v. Smith, 4 Bibb 257, 7 Ky. 257, that an entry into possession of a part of a tract to which one has the right does not give him possession of another part to which he has no right; otherwise it "would be making an act which was right in itself tortious by construction." This principle has been consistently followed these many years, that where one is in actual possession of a tract to which he has good title, he may not by construction extend the boundaries of his possession to cover land owned by another. Brock v. Howard, supra.

 The cases cited by the appellants, like Kentucky Union Co. v. Hevner, 210 Ky. 121, 275 S.W. 513, are not in conflict. Their reliance upon those cases seems to be because they did have some color of title through a void junior patent. Under some conditions that may be the legal result,

as described in the Hevner case. But considering a condition like the one here presented, upon a review of many previous cases it was held in the Hevner case (as stated in Syllabus 9). "Where legal title holder occupies any portion of land covered by his deed, his possession is actual, coextensive with boundaries stated in conveyance, and adverse entrant is deemed to acquire actual possession only of land of which he disseizes the legal title holder, by an actual inclosure or other equivalent physical occupancy." In this case Wilson was an adverse entrant. Merely marking the trees so as to include the contiguous parcel with other lands owned and occupied by the one so doing does not come within the rule thus laid down.

It is clear the judgment is correct as it pertains to this part of the tract in dispute.

2. Trace Branch part. The Vizard Investment Company got a deed to 979.89 acres from the heirs of Simeon Wilson in 1911, and the Fletcher Company, as stated, bought the timber from the Vizard Company. The appellants concede they could not trace record title to this part of the disputed forty-acre tract back to the Commonwealth. Bringardner did. Appellants claim it only by adverse possession. This part of the mountain forest land, like the Buck Hollow part, had no clearing or dwelling house on it. The dwelling on the 979.89 acres has always been some distance away. There is evidence that this also was within the boundary, as marked by the painted trees. The appellants point to no evidence showing dominance or any element of actual adverse possession. They run up against the law above cited: That one may not acquire title to another's land through prescription by merely claiming it to be within the boundary of that which he really owns. Such action does not meet the test of the rule of adverse possesssion. Hopson v. Cunningham, 161 Ky. 160, 170 S.W. 522; Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S.W. 130, Ann.Cas.1917E, 629; Brock v. Howard, supra.

The judgment is affirmed.