Judge Ewing
delivered the Opinion of the Court.
Brown brought an action of debt on an award against Warnock, and, after setting out the submission in his declaration, avers that the arbitrators awarded to him one hundred and forty dollars and eight cents, and concludes his declaration in the usual form.
The defendant filed three pleas:—
First. That the award is uncertain and void, because the costs of the award was awarded without ascertaining and fixing the amount.
Second. That the award is not mutual, and therefore void, because the arbitrators awarded that the defendant pay the plaintiff the sum sued for, which was within the submission, and awarded that the plaintiff release a lot, No. 84, in Greenupsburg, which was not within the terms of submission.
Third. That the said supposed award was altered and changed since it was made.
And the plaintiff replied to the first plea, that the award was not void, but good and valid.
To the second, that the sum of money awarded to the plaintiff was within the terms of submission, and was entire and distinct, and did not at all depend upon that part directing a release or reconveyance of lot No. 84, *493 by the plaintiff, which is without the terms of submission.
An award for a sum certain and the costs, is 'certain to a common intent,’ & good; if void as to the costs, because the amount was unascertained it would still be good for the debt, as an award may be good in part, and bad in part.
Where an award is, that each party shall do an act, if one of the acts is a thing not within the submission, the award will be so far void, and if that act is the consideration or equivalent for the act to be done by the other party, the award will be void as to that also, for want of mutuality.—A good plea contains every essential allegation in express terms; there can be nothing material inferred. So held, that a plea alleging that an award was invalid, because what was to be done by one party, was not within the submission, and what by the other, without mutuality—is insufficient, as it does not allege, that the acts to be done by the parties, respectively, were equivalents, the one for the other. So, also—
And to the third plea, that the alteration in the award was by the consent of the defendant, and was altered for his benefit—whereby a less sum was awarded to the plaintiff.
To which replications the defendant demurred; and the demurrers being joined, were sustained by the Court.
Whereupon, the plaintiff, by leave of the Court, filed, as an amendment to his declaration, two counts in debt on simple contract, and a third on the award.
The defendant demurred to the two first counts in the amended declaration, and pleaded to the third the same pleas pleaded to the original declaration, to which the same replications were replied; to which the defendant demurred; and the demurrers to the two first counts of the amendment, as well as the demurrers to the replications, being sustained, and judgment for the defendant, the plaintiff has brought the case to this Court.
The demurrers to the replications brings in question the first error in the pleadings.
The original declaration is good in substance, and in apt form.
The first plea is bad. The award for costs is certain to a common intent. And if not certain, and void, as to the costs, this uncertainty will not vitiate the award for the money, which is certain. An award, though bad, for uncertainty as to part, may, according to the more liberal modern adjudications, be good as to that which is certain. It lies not, at this day, in the mouth of a defendant to say, because the award, as to part, is not obligatory upon him, for its uncertainty, that he should not be liable for that which is certain.
As to the second plea, we would remark, that, as the *494 article of submission or award is not in the record, we have no means to arrive at their terms, further than they are set out in the pleadings.
Plea, that an award was altered after it was made, and is therefore void, is insufficient, because it does not aver, or show, that the alteration was in a material part. If it were so, but was made by consent of both parties, it would not vitiate.
Different counts, ‘of the same nature,’ and upon which the same judgment maybe given, may be joined. Counts, on an award, simple contract, and specialty, may be joined.
The species of debt, as ‘debt on award’ is surplusage, in a writ; if there are other species in the dec’n, advantage can be taken of the variance, by abatement only, if at all.
*494 It is certainly true, that, if one thing be awarded to one party, and another to the other, as equivalents for each other, if the award be without the submission, and void as to one, it will be void, also, as to the other. For that mutuality, which the arbitrators intended, would be destroyed, if it could be enforced as to one and avoided as to the other. The award, therefore, would, in such a case, be wholly void.
But the second plea does not aver, that the money on the one side, and the release of the lot on the other were awarded as equivalents, in part or in whole.
We are not authorized to infer it. A plea should be positive and direct in the material matter relied on, and should not be argumentative, or leave any thing to be supplied by inference. If the release was not awarded as an equivalent, in part or whole, for the money awarded, then, though it be void, it will not render void the award for the money. Kyd on Awards, 247.
The third plea is bad, in not averring that the alteration was made in a material part, or in averring in what it was altered, so as to show whether the alteration was material or not..
But, though an alteration has been made in a material part, if made for the benefit of the defendant, and by the consent of the parties, it is not rendered void by such alteration..
The two amended counts in debt on simple contract, are good, and may well be joined with the counts on the award. It is well settled that when the counts are of the same nature, and the same judgment may be given on them all, they may be joined, though the pleas may be different. 1 Chitty’s Pleadings, 229. Debt on simple contracts, on awards, and on specialties, may all be joined.
Though the writ states, in this case, that the defendant answer to the plaintiff “ of a plea of debt on an award,” this surplus matter in the writ, if it could be *495 made an available objection at all, could only be made so in abatement.
A count on an award, that does not set out the submission, is bad, and not aided by other counts, without an express reference to them.
The third count in the amended declaration is bad, because it does not set forth or aver the submission.
Each count should be good in itself, and cannot be sustained upon the ground that the same matters are averred, in other prior counts, in the same declaration, unless those matters are referred to in such manner as to make them a part of the count.
For these reasons, the judgment is reversed, and the cause remanded, that further proceedings may be had, consistent with this opinion.