Overton v. Perry.

CASE 39.—SUIT BY A. W. OVERTON AND OTHERS AGAINST JOHN M. PERRY, JR., AND OTHERS TO QUIET TITLE TO LAND.—June 20, 1908.

| 129 | 415 |
| d134 | 254 |

# Overton v. Perry

Appeal from Morgan Circuit Court.

S. G. KINNER, Circuit Judge.

Judgment for defendants, plaintiffs appeal—Affirmed in part and reversed in part.

1. Adverse Possession—Contiguous Property—Boundaries—Extent of Possession.—Where an owner of property purchases contiguous land, not held by another under superior title nor in the actual possession of another and his record title is defective, it is not necessary that a new entry be made on the purchased land in order to sustain adverse possession thereof from the time of purchase; since, the land being contiguous and surrounded by a well-defined boundary, the owners' possession on acquiring the land immediately extended to the whole boundary thereof.

2. Same—Color of Title—Defective Deed.—Though a deed to land is defective and insufficient to give a record title thereto, the deed is admissible on a claim of adverse possession to show the extent thereof.

3. Same—Evidence—Sufficiency.—In an action to quiet title to land, evidence considered, and held to show that defendant had acquired the title to the land by adverse possession.

4. Appeal and Error—Review—Findings—Evidence.—Where a finding of the chancellor is based on evidence such as to leave the mind in doubt, it will not be disturbed on appeal.

WM. H. HOLT for appellants.

McGUIRE & McGUIRE and HAZELRIGG, CHENAULT & HAZELRIGG for appellee.

(No briefs—record misplaced.)

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner.

This action involves the title to 44 acres of land situated on Mordicai creek, in Morgan county, Ky., and also a small tract of 2 or 3 acres situated some distance from the first tract. Appellants, A. W. Overton, John A. Brislan, and William H. Holt, on March 3, 1903, brought an equitable action, averring that they were owners and in actual possession of said tracts of land; that appellees were trespassing thereon, and committing waste and interferring with appellants' tenants. Appellants asked that appellees be enjoined from so doing, and that their title be quieted. The appellees, John M. Perry, Jr., and Lilla M. Perry, asserted title under and by virtue of a written contract of sale, made by Thomas D. Perry to E. B. Perry, whereby the former conveyed to the latter one-half of one-third of a tract of land consisting of 500 acres, situated in Morgan county on a branch known as the Condon Branch of Elk Fork of Licking River. The contract provides that the grantor is not to be responsible for the title to said land, but that E. B. Perry agrees to look to other sources for title. The consideration mentioned in the contract is $50. The other one-half of one-third of the tract of land they claim was conveyed to E. B. Perry by John E. Cooper. The consideration for the latter contract is 8,000 feet of inch-sawed lumber, and the contract contains the same provision in regard to title; i. e., it requires the vendee to look to other sources for title. Afterwards E. B. Perry conveyed to appellees, J. M. Perry, Jr., and Lilla M. Perry. The latter, claiming under this conveyance and the written assignments from Thomas D. Perry and John

Overton v. Perry.

E. Cooper, defended on the ground that they had been in adverse possession of the 44 acres of land in controversy for the required period of time. Appellee E. B. Perry defended as to the two or three acres by claiming that it was included in a patent to one Cassity, which was prior to the Thomas D. Perry patent under which appellants claimed. Appellants claim under the patent of Thomas D. Perry entered in the year 1847. It appears, however, that in their chain of title there are certain tax deeds which contain no description of the property conveyed, and we are of opinion that appellant's proof of record title is defective. On the other hand, the appellees show no record title. At the time Thomas D. Perry conveyed to E. B. Perry, he had previously conveyed his interest in the land to one J. W. Sewell, and, in the contract of sale, he expressly provided that the vendee therein should look to other sources for title. Furthermore, no title of any kind is shown in John E. Cooper. Under this state of case the title to the 44 acres must depend altogether upon the question of adverse possession.

It appears that the land in controversy was embraced in a tract conveyed to William Mynhier in the year 1883. The tract so conveyed adjoined Mynhier's home farm, of which he was in possession. Mynhier had the tracts of land surveyed, and the boundary marked so that it included the land in question; and from that time on he claimed to a well-defined boundary, including the land in controversy. It was not necessary for him to make a new entry upon the land thus purchased in 1883, for the reason that the land being contiguous to his home place, and being surrounded by a well-defined boundary, and not being held by another under a superior title, nor in the

actual possession of another, Mynhier's possession, upon acquiring the land, immediately extended to the whole boundary thereof. It is true the deed to Mynhier did not furnish him a good record title, but it was admissible for the purpose of showing the extent of his claim. Mynhier afterwards sold the tract of land in controversy to appellants in the year 1888, and from that time down to the institution of this suit they had an agent in control and charge of the property purchased from Mynhier, rented it to various parties, and exercised undisputed ownership over same. The contract of sale between Thomas D. Perry and E. B. Perry appears to have been made in the year 1885. Thereafter E. B. Perry claims to have had the land surveyed. The time fixed by him was in the year 1886 or 1887. He claims then to have made an entry on the land embraced in the contract of sale, and to have occupied the same by running a sawmill on Cox branch, some distance from the tract in controversy. It is manifest that, as the 44 acres were then in posession of William Mynhier, E. B. Perry's possession did not include the 44 acres, for the simple reason that he never took possession of any portion of said land. There could not be two possessions at the same time. Mynhier's possession was exclusive of E. B. Perry's and the fact that the latter afterwards had the land embraced in a survey made two or three years later, without entering upon the land in controversy, could not give him any possession of it, or interfere with the possession already obtained by William Mynhier. Nor did John M. Perry, Jr., ever afterwards take possession of the 44 acres. He may have moved upon the land adjoining it, but, in the absence of any actual taking, his possession did not extend so as to embrace the land in controversy. We

therefore conclude that the appellants are entitled to the 44 acres of land in controversy and to the relief sought, and that the trial court erred in entering judgment in favor of the appellees.

As to the two or three acres involved in the controversy between appellants and E. B. Perry, the evidence is such as to leave the mind in doubt, and the judgment of the chancellor will not be disturbed.

That portion of the judgment affecting the land in controversy between appellants and E. B. Perry is affirmed. The judgment as to the 44 acres of land claimed by John M. Perry, Jr., and Lilla M. Perry, is reversed and cause remanded, with directions to enter a judgment in conformity with this opinion.

O'REAR, C. J., not sitting.