## King v. The Eagle Coal Company.

(Decided October 6, 1911.)

Appeal from Pulaski Circuit Court.

Adverse Possession—Well Defined Boundary.—Adverse possession by party without title of record from the Commonwealth, who claims to hold by virtue of a deed describing the land in controversy as being bounded by the land of others, when as a matter of fact the surrounding lands do not adjoin for a distance of a quarter of a mile, and the alleged boundary is not marked at all, does not constitute a holding to a well defined boundary.

DENTON & FLIPPIN for appellant.

O. H. WADDLE & SON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, The Eagle Coal Company brought this action against F. D. King to quiet its title to a certain tract of land situated in Pulaski County, Kentucky. The defendant denied plaintiff's title and pleaded title in herself. The chancellor rendered judgment in favor of the plaintiff, except to the extent of a few acres which defendant had enclosed. From that judgment this appeal is prosecuted.

It is first insisted that plaintiff's proof of title is insufficient. Plaintiff claims under the Caldwell-Stewart patent of May 12th, 1851. That patent, after describing the boundary, contains the following: "There is 9,280 acres of surveyed and patented land in the boundary of the above survey which has been excluded from the survey." Subsequent deeds show the exclusions to be much less. Defendant claims that plaintiff's evidence, that the land in controversy is not embraced within the exclusions, is not sufficient. The precise question was before us in the case of Caddell v. Eagle Coal Co., 144 Ky., 396, where it was held, in an action by the Eagle Coal Company against Cadell that similar evidence was sufficient to transfer the burden to the defendant.

The defendant does not show title from the Commonwealth. The only question to be considered, then, is her plea of adverse possession.

The evidence shows that one Richard Perry, who claimed to have a patent for 50 acres of land adjoining the Stewart survey on the north, constructed a house on the line of the Stewart survey. Thereafter he claimed to the boundary of the adjoining land. Inasmuch as the land claimed by him was not enclosed, and there was no marked boundary, and he had no deed to the property in question until 1890, it follows that there was nothing to show the legal owner the extent of his claim. That being true, the evidence of adverse possession to the year 1887, when Richard Perry conveyed the land to John C. Perry, may be dismissed as unworthy of consideration.

In the deed from Richard Perry to John C. Perry the description is as follows:

"A certain boundary or tract of land lying and being in the county of Pulaski, Kentucky, on the waters of Indian creek and bounded as follows, to-wit: 'On the north by the lands of Andrew Higginbotham, on the south

by the said lands of said Higginbotham, on the east by the lands of the said Higginbotham, and on the west by the lands of Thomas Doolin, deceased, being lands owned and possessed by the party of the first part which lie south of Indian creek.' ''

In 1890 John C. Perry reconveyed the lands to his grantor, Richard Perry, under the same description. Richard Perry, in 1894, conveyed to Milly Ann Childers; she conveyed to W. S. Owings; Owings conveyed to the defendant, Mrs. King. All these deeds contain the same description. After the defendant acquired the property she procured Jesse Wilder to make a survey of the land. The defendant took possession of the lands and held them at the time this suit was instituted in 1906. As there was no evidence tending to show that defendant, and those through whom she claims, held to a marked boundary, the question is, whether or not the description contained in the deed through which she claims is sufficient to constitute a well-defined boundary.

Wilder, who made the survey for the defendant, testifies that on the south, the direction in which the lands in controversy lie, the lands of Higginbotham and Doolin do not join; on the contrary, there is a gap between them of about 88 poles. At this point he had to make a line. Here, then, we have a case of a party claiming to a well-defined boundary when, as a matter of fact, no complete boundary exists. On the contrary, for the space of a quarter of a mile there is no boundary at all. We, therefore, conclude that the boundary to which appellant and those through whom she derives title claim to have held, does not come up to the requirements of a well-defined boundary. It also appears that for one year of the time she and her vendors claimed to have been in adverse possession no one occupied the premises.

It follows that defendant's plea of adverse possession must fail.

Judgment affirmed.