## Combs, et al. v. Stacy.

(Decided February 29, 1912.)

## Appeal from Perry Circuit Court.

1. Trespass to Try Title—Action—Patents—Conflict—Adverse Possession.—Where two patents conflict, the junior patent holder can acquire title by adverse possession against one in possession under the elder, to the interference only by taking actual, physical possession of all lands within the interference, and holding it actually, adversely and continuously for the statutory period.

2. Same—Adverse Possession.—One living on a tract of land to which he has title, and which is outside the claim of another, can not obtain adverse possession of the land within the latter's elder patent by marking off a boundary and taking a deed from some one to it, without putting anything on the land to give the owner notice of an adverse claim; the owner being in constructive possession.

3. Same—Conditional Line—Evidence.—In an action of trespass to try title, evidence examined and held insufficient to show the establishment of a conditional line.

4. Judgment—Conclusiveness—Estoppel—Different Subject Matter.

—A judgment in a former action of trespass to try title where a peremptory instruction was given against the plaintiffs because the evidence showed that the timber was cut from land not embraced in their deeded boundary, will not estop them in a subsequent action between the same parties from claiming a different tract of land which is embraced in their deeded boundary.

W. H. MILLER, P. T. WHEELER for appellants.

BAILEY P. WOOTTON, GREENE & VAN WINKLE and JESSE MORGAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellee, James Stacy, claiming to be the owner by adverse possession of a tract of about 900 acres of land in Perry County, Kentucky, brought this action against appellants, S. B. Combs and Anderson Combs, to enjoin them from trespassing on the land and cutting the timber therefrom, and to recover damages for certain timber which he alleged they had already cut. Appellants denied appellee's title, and pleaded title in themselves. Appellee by reply denied appellants' title, and pleaded a judgment rendered by the Perry Circuit Court in the action of Anderson Combs and S. B. Combs v. Riley Combs and William Stacy in bar of a recovery by appellants, alleging that he was the real party in interest in that action, and that the timber involved in that action was cut from the same land involved in this action; that the action was between the same parties and involved the same subject matter, and that the judgment was conclusive of appellants' rights to the land herein involved. The allegations of the reply were denied by rejoinder. Proof was taken, the case submitted, and judgment rendered in favor of appellee. From that judgment this appeal is prosecuted.

It appears that appellee claims title by virtue of a patent issued to Shadrach Stacy upon a 500 acre survey made in the year 1847, and by deed from Shadrach Stacy's heirs made in the year 1883. He also claims under a 200 acre patent issued to him in 1871, and another patent for seventy-five acres issued in 1903. Appellants claim under a 400 acre survey made in 1848, and patented to Archibald Cornett in the year 1850. The evidence leaves no doubt that the timber was cut from land embraced in the Archibald Cornett patent and out-

side of the Shadrach Stacy patent for 500 acres, and within the conflicts of the 200 acre patent of 1871 and the 75 acre patent of 1903 with the Archibald Cornett patent. Even if it be conceded that appellee's deed from Shadrach Stacy's heirs includes the land from which the timber was cut, it did not have the effect of vesting appellee with title to any land outside of the Shadrach Stacy patent for 500 acres under which the grantors derived their title. As appellee's two patents that embrace the land in controversy, are junior to the Archibald Cornett patent with which they conflict it follows that appellee's title depends either upon his adverse possession or the establishment of the conditional line, which will be hereafter considered. Appellee never lived upon any of the patented land in controversy. He lived on a 50 acre patent issued to Jerry Combs. He never made an entry within the laps of the 200 acre and 75 acre patents with the Archibald Cornett patent. On the contrary, he lived about two miles away. Jackson Combs, who sold to appellants in 1903 and those through whom he claimed had always been in possession of their deeded boundary, and claimed to the full extent thereof and to the full extent of the Archibald Cornett patent. That being true, the only way in which appellee, who claims under junior patents could have acquired title to the interference by adverse possession as against the elder grant was by taking actual, physical possession of all the land within the interference, and holding it, actually, adversely and continuously for the full statutory period (Courtney v. Aschcraft, 105 S. W., 106; Kentucky Land and Immigration Company v. Crabtree, 113 Ky., 922; Hall v. Blanton, 77 S. W., 1110, 25 Ky. Law Rep., 1400). And even if it be insisted that appellants and those through whom they claim were not in actual possession of their patented boundary, their possession was constructive, and it is well settled that one living on a tract to which he has title, and which is outside the claim of another can not obtain adverse possession of the land within the latter's elder patent, by marking off a boundary and taking a deed from some one to it, without putting anything on the land to give the owner notice of an adverse claim, the owner being in the constructive possession (Bowling v. Breathitt Coal, Iron & Lumber Co., 120 S. W., 317, 134 Ky., 249). It therefore follows that appellee has no title by adverse possession to the land from which the timber was cut.

But it is insisted that appellee has title to the land from which the timber was cut because the land lies on appellee's side of a conditional line which was agreed upon by him and Jackson Combs, the former owner of the Archibald Cornett patent. Upon this point appellee testified that about eighteen or twenty years before he gave his deposition, he and Jackson Combs agreed that the ridge between Yellow Creek and Stacy's Branch should be the dividing line between their lands. Certain witnesses say that they heard Jackson Combs state that the ridge had been agreed upon as the conditional line. Mary Combs testified that the ridge had always been regarded as the dividing line between the Combs and Stacys. On the other hand, Jackson Combs denies that any such agreement was made. He says that appellee approached him and asked him to agree on the ridge as the dividing line, but he declined to do so because he had more land on Stacy's Branch than Stacy had on Yellow Creek. Other witnesses present corroborate Jackson Combs. It also appears that when appellee heard that appellants had purchased of Jackson Combs, he said that he was willing to lay the patents down and let the oldest control. Appellee admitted to certain witnesses that he did not own all the land on Stacy's Branch, but that some of it was covered by the Archibald Cornett patent which he did not claim. A survey testifies that he made a map for appellee of his lands. While appellee told him of other conditional lines, he did not refer to any conditional line between him and Jackson Combs. The evidence on this point is very voluminous, and we deem it unnecessary to set it out in detail. It is sufficient to say that the weight of the evidence is in favor of appellants, and we therefore conclude that the alleged conditional line was never agreed upon.

But it is contended that the judgment in the case of Combs, et al. v. Stacy, et al., pleaded in bar, is conclusive in this action. While there are expressions to be found in the books to the effect that a judgment is conclusive not only upon the questions actually contested and determined, but upon all matters which, under the issues, might have been litigated and decided in that suit, this statement is true only in the case where the prior judgment is offered as a bar to the second suit upon the same cause of action, or involving the same subject matter and not where the subject matter of the

two controversies is different. Where the second action between the same parties is upon a different claim or demand, the judgment in the former action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was, rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment upon one cause of action to matters arising upon a suit upon a different cause of action, the inquiry must always be to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is a judgment conclusive in another action (Black on Judgments, Vol. 2, Section 614, page 938; Cromwell v. County of Sac, 94 U. S. 351; Schuster v. White's Adm'r., 106 Ky. 317). Applying this rule to the case at bar, we find that in the former action, the timber was cut from an entirely different tract of land, and the court gave a peremptory instruction for the defendants because the plaintiffs' proof in that action failed to show that the deeds under which they held embraced the land from which the timber was cut. Of that question, therefore, the judgment was conclusive. It was not conclusive of the question that plaintiffs in that action did not have title to the land covered by their deeds. We therefore conclude that appellants, who were plaintiffs in the former suit, are not estopped by the judgment in question from claiming title to all land covered by their deeded boundary.

From the foregoing, it follows that judgment should have gone in favor of appellants.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.