## Denney v. Abbott, et al.

(Decided March 11, 1915.)

### Appeal from Wayne Circuit Court.

1. Land—Adverse Possession—Instruction.—Where a party owns several patents and lying between them is vacant and unappropriated land not covered by his patents, and there is no well-defined or well-marked boundary surrounding all of the land which he claims, his entry upon one of his patents does not extend his possession to such vacant land upon which he never makes any entry, improvement or enclosure; and in an action to quiet title it is not error to refuse instructions on adverse possession.

2. Land—Action to Quiet Title—Evidence.—In an action to quiet title, evidence in regard to location of certain patents examined and held that the finding of the jury on the question of their location was not flagrantly against the evidence.

O. H. WADDLE & SONS, H. C. KENNEDY and DUNCAN & BELL for appellant.

JOE BERTRAM & SONS, O. B. BERTRAM and J. P. HARRISON for appellees.

Opinion of the Court by William Rogers Clay,
Commissioner—Affirming on original and cross appeals.

About seventy-five years ago Thomas Hurt procured
title to several tracts of land lying in Wayne County.
These tracts were covered by patents issued in the early
part of the nineteenth century. Thomas Hurt died and
left surviving him fourteen children, to whom the title
descended. Granville C. Keeton married one of Thomas
Hurt's daughters, who owned an undivided one-four-
teenth interest. About forty years ago, Keeton pur-
chased the interests of nine of the other children. Thus
he and his wife became the owners of ten-fourteenths.
John Hurt, a son of Thomas, owned a one-fourteenth
interest, and subsequently he and his wife purchased the
interests of three of the other children. John Hurt died
leaving surviving him his wife, Fannie Hurt, and several
children. When the children of John Hurt became of
age, a conditional line dividing their lands from those
of Granville C. Keeton, was agreed upon. Joel Keeton,
the father of Granville C. Keeton, owned a farm consist-
ing of several tracts lying in the neighborhood of the
Hurt lands. On his death his lands were partitioned
among his heirs at law. That portion of Joel Keeton's
land adjoining the Hurt lands was alloted to Granville.
Granville also purchased two tracts of land from Irving
Keeton, one containing fifty acres and the other seventy-
five acres.

Granville Keeton died about six years ago, leaving a
widow and four children. He devised all his property
to his wife for life with remainder to the children.

James Denney, who married one of the daughters,
purchased the interest of two of the daughters. The
other one-fourth interest is now owned by Myrtle Hughes,
William Keeton and Charles Keeton, the only children
of Mary E. Keeton, deceased.

In the year 1911, H. M. Abbott, Jesse Patton and
G. W. Morris obtained patents to two tracts of land,
one for thirty-five acres and the other for sixty-five
acres. These lands are surrounded, if not covered, by
the patents owned by Denney and the three grandchil-
dren.

Alleging that the two tracts patented by Abbott, Pat-
ton and Morris were not vacant lands, but were covered
by the patents which he and the three grandchildren of
Granville Keeton owned, and that they also had title

thereto by adverse possession, plaintiff, J. H. Denney, brought this action to quiet his title. The infant grandchildren of Granville C. Keeton were made parties defendant. The question whether or not the two tracts were covered by patents belonging to the plaintiff and the infant defendants was submitted to a jury. The jury found that the thirty-five-acre tract was covered by prior patents, and that all of the sixty-five-acre tract was covered by prior patents except about thirty-one acres. The patents obtained by defendants were canceled to the extent that they were covered by prior patents, and plaintiff's title quieted to that extent. From the judgment so entered plaintiff appeals, and defendants prosecute a cross appeal.

The chief error relied on by plaintiff is that the court erred in failing to submit to the jury the question of his adverse possession. Plaintiff contends that though he had no actual possession of the tracts in controversy, his evidence was sufficient to show a well-defined and well-marked boundary including both the tracts in controversy. The location of the particular patents under which plaintiff claims is a matter of great uncertainty. Granville C. Keeton did not acquire title by one conveyance or patent, but by separate conveyances or patents. His residence was upon the Joel Keeton patent. He never entered upon the sixty-five-acre tract or enclosed or improved it in any manner. To the extent at least of the thirty-four acres adjudged defendants, Granville Keeton's patents were not contiguous. This tract was vacant and unappropriated. His entry on the patent to which he had title did not, therefore, extend his possession to a tract to which he had no title, and upon which he never made any entry, improvements or enclosure. Furthermore, the evidence fails to show any well defined or well marked boundary. King v. Eagle Coal Co., 144 Ky., 660; Arthur v. Humble, 140 Ky., 56; Whitley Co. Land Co. v. Powers' Heirs, 146 Ky., 801; Burt & Brabb Lumber Co. v. Sackett, 147 Ky., 232.

Defendants, on their cross appeal, insist that the evidence is insufficient to show that the lands covered by their patents, or any part thereof, are covered by prior patents. The maps in the record are not very intelligible. Testifying from these maps, the surveyors would answer in the following manner: ''That line runs from here to here'' or ''from there to there.'' This

method of testifying is necessarily more intelligible to the jury than it is to us. The evidence as to the location of the prior patents is very conflicting, and after considering the question, with the aid of the maps and the testimony of the witnesses, we are unable to say that the verdict is flagrantly against the evidence.

Judgment affirmed on original and cross appeals.