## Burnett v. Miller.

## Edwards v. Same.

## Rice v. Same.

## Miller v. Adkins.

(Decided February 16, 1917.)

## Appeals from Wayne Circuit Court.

1. Appeal and Error—Findings—Conclusiveness—Equity Cases.—
   Where the evidence is- conflicting and the mind is left in great
   doubt as to the whole case, so that the Court of Appeals cannot
   determine with reasonable certainty that the chancellor erred,
   his findings will not be disturbed.

2. Arbitration and Award—Real Property—Estoppel.—Real property
   is a proper subject of arbitration at common law, and though
   deeds be not made or ordered to be made by the arbitrators, the
   award acts as an estoppel and precludes the losing party from
   thereafter denying the superior title of the other parties to the
   proceeding.

3. Arbitration and Award—Real Property—Sufficiency of Descrip-
   tion—Validity of Award.—Where, under a written contract, cer-
   tain parties owning lands on Beaver Creek in Wayne County,
   Kentucky, agreed to submit a dispute as to their titles to certain
   arbitrators selected by them and to submit their proof and title
   papers to the arbitrators, the following award: "We find for the
   defendants, that is to say, we award to defendants, who have
   patent land all the land within their respective boundaries and
   to Absalom Miller, the remainder of the boundary of his big sur-
   vey, this October 30th, 1875," is not void for uncertainty, since,
   by referring to the patents, it furnished the means of identifying
   the lands involved, and not only the parties, but any person of
   common sense, by resorting to these means could tell exactly
   what was decided.

4. Adverse Possession—Adjoining Land.—The rule that where one
   takes title to unoccupied land adjacent to that upon which he
   lives and in which he claims the fee, his possession extends to
   the outside boundary of the newly acquired land, does not apply
   where the newly acquired land is held by another under a superior
   title. On the contrary, the rule is that a party who enters upon
   land to which he has title cannot, as against the superior title
   holder, extend his possession to an adjoining tract of land and
   acquire title thereto by adverse possession, without actually en-
   tering upon such adjoining tract and holding it adversely for
   the statutory period.

5. Estoppel—Lands—Title.—The fact that defendant loaned plain-
   tiff $200.00, secured by a mortgage on the tract of land in con-
   troversy and another tract, and the proceeds of the loan was used

by plaintiff to purchase the outstanding interests of his brothers and sisters in the tract in controversy, will not estop the defendant from asserting title to the tract in controversy, where the evidence fails to show that the defendant knew at the time the mortgage was given that plaintiff's title conflicted with his title, or of the purpose for which the loan was used.

6. Boundaries—Surveys—Contents—Evidence.—A recovery of land by plaintiff under an inferior patent may be defeated by the defendant's showing that the land is embraced in his prior patent without showing that it is outside of the exclusions theretofore patented, the reason being that if outside of the exclusions, it is covered by defendant's patent, but if inside the exclusions, it is covered by a prior patent, and in either event, plaintiff's patent is void.

O. B. BERTRAM for appellants.

BURNETT, EDWARDS & RICE for appellee, Adkins.

HARRISON & HARRISON and DUNCAN & BELL for appellee, J. W. M. Miller.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing in the case of G. W. Burnett v. J. W. M. Miller; affirming in the cases of J. H. Edwards v. J. W. M. Miller and John Rice v. J. W. M. Miller; and affirming in the case of J. W. M. Miller v. W. J. Adkins both on the original and cross appeals.

The four appeals mentioned in the caption were heard together and will be considered in one opinion.

The appeals grow out of four separate actions brought by George W. Burnett, J. H. Edwards, John Rice and W. J. Adkins against J. W. M. Miller, to quiet title to certain tracts of land described in their respective petitions. The suits brought by Burnett, Rice and Edwards resulted in judgments in favor of Miller, from which they appeal, while the suit brought by Atkins resulted in a judgment in his favor, from which Miller appeals and Adkins prosecutes a cross-appeal.

J. W. M. Miller holds title under two patents, one known as the Miller Eastern Survey and issued to Absalom Miller in the year 1847, and the other known as the Miller Western Survey and issued to Absalom Miller in the year 1848. G. W. Burnett holds title under a patent issued to William H. H. Bates in the year 1857. J. H. Edwards holds title under W. B. Jones, who purchased a 50-acre tract from Absalom Miller in 1852, and

who obtained a 50-acre patent in 1855 and a 100-acre patent in 1859. John Rice holds title under a 150-acre patent issued to his father, Anderson Rice, in the year 1859. W. J. Adkins holds title under Johnathan Burnett, Jr., who acquired title under a patent issued after Absalom Miller procured his patents. Thus it will be seen that Miller's title of record is superior to that of the opposing parties.

Besides other questions, there is involved in the Burnett, Edwards and Adkins cases the proper location of the Miller Eastern Survey, and in the Rice case the proper location of the Miller Western Survey. J. M. Anderson was appointed by the court to determine the true location of these two surveys. He adopted a certain location and reported his action to the court. He also gave his deposition in the case. W. C. Bell and Alfred Hurt, two surveyors in the employ of Miller, fixed a different location. Their depositions bearing on the question of the proper location of these surveys were given. Anderson expresses some doubt as to whether the location of the two surveys as made by him is correct or not. Hurt and Bell say that his location is incorrect and that the location as fixed by them is the proper one. The chancellor adopted the location fixed by Bell and Hurt and as shown on the map prepared by Bell. In view of the conflicting evidence upon this question, and of the fact that upon a consideration of the whole case the mind is left in great doubt, and we are unable to say with any reasonable degree of certainty that the chancellor erred in his conclusion, his finding will not be disturbed. Rawlings v. Fish, 151 Ky. 764, 152 S. W. 941.

The question of the proper location of the two Miller surveys being eliminated, we shall proceed to a discussion of the other questions involved in the different suits. In the Burnett, Edwards and Adkins suits, there is involved the validity of an arbitration made in the year 1875 between their predecessors in title and the predecessor in title of J. W. M. Miller. Before discussing this question we may remark that W. B. Jones, through whom Edwards claims title, did not sign the contract of arbitration, and for that reason the arbitration is wholly inoperative as to him and as to Edwards, who claims under him. This leaves for discussion the validity of the arbitration as to Burnett and Adkins, who claim

under parties to the arbitration.  The following is a copy of the arbitration and award:

| | |
|---|---|
| "ABSALOM MILLER, | "JOHNATHAN TUGGLE, |
| "COSBY OATTS, | "J. L. BOHON, |
| "JOHN GIBSON, | "T. J. EADS, |
| "S. J. POPPLEWELL, | "MARTIN BACK, |
| "J. J. RICHARDSON, | "W. A. COOPER, |
| "G. C. CHRISMAN, | "J. L. LLOYD, |
| "W. Z. T. CHRISMAN, | "F. M. HUFFAKER. |

"Whereas there is likely to arise a law suit relative to certain lands lying in Wayne county, Kentucky, on Beaver creek and its waters between Absalom Miller, as plaintiff, and the other parties whose names are attached thereto as defendants, have this day selected the six persons, each, whose names are written under the names of Absalom Miller and Johnathan Tuggle, as arbitrators to whom we agree to submit the proof and title papers of both parties, each party being represented by their attorneys, if they see proper to have them, and the decision of said arbitrators shall be a final settlement of said dispute about said land.  Said arbitration to take place at the courthouse in Monticello on the 29th day of October, 1875, and continue from day to day, if necessary.

"Given under our hands this 27th day of September, 1875.  The parties agree that the verdict and judgment of the above named persons or two-thirds of same, shall settle the matter in dispute between them.

"JOHNATHAN TUGGLE,
"ABSALOM MILLER,
"JAS. H. BURNETT,
"JOHNATHAN BURNETT, JR.,
"JAMES TUGGLE, SR.,
"JOHNATHAN BURNETT, SR.,
"A. W. CAMPBELL,
"HENRY TUGGLE,
"JAS. TUGGLE, SR."

"Witness: J. S. CHRISMAN."

"We, the undersigned arbitrators, to whom was referred in the above agreement the matter in controversy, concerning certain lands between Absalom Miller and Johnathan Tuggle and the others, make the following award, viz.:

"We find for the defendants, that is to say, we award to defendants, who have patent land, all the land within their respective boundaries and to Absalom Miller, the remainder of the boundary of his big survey, this October 30th, 1875.

"W. A. COOPER,
"G. C. CHRISMAN,
"J. J. RICHARDSON,
"JOHN GIBSON,
"MARTIN BACK,
"S. J. POPPLEWELL,
"COSBY OATTS,
"T. J. EADS,
"J. L. BOHON,
"F. M. HUFFAKER,
"JOHN L. LLOYD,
"W. Z. T. CHRISMAN."

It was formerly doubted whether a contest over the title to land was a proper subject of arbitration at common law, but that doubt has been dispelled and it is now well settled that such contests may be determined by arbitration. In such a case, it is not essential to the validity of the award that a conveyance be made or ordered to be made. All that is necessary is for the arbitrators to decide to whom the land belongs. When this is done the award acts as an estoppel and precludes the losing party from denying the superior title of the other parties to the proceeding. Shackleford v. Purkett, 9 Ky. 435; American & English Encyclopedia of Law, volume 1, pages 698 and 713; Shelton v. Alcox, 11 Conn. 240; 5 C. J., pages 28 and 29. Or, as said by the court in the case of Davis v. Havard, 15 Serg. & R. (Pa.) 165, 16 Am. D. 537, "the fluctuation of sentiment on this subject seems at length to have settled down into an opinion conformable to common sense—that the owners of property, either real or personal, may submit the title to the decision of arbitrators, whose award shall be conclusive." But counsel for Miller make the point that the award is void because of the vague, uncertain and indefinite description of the property involved. The rule in such cases is that exact certainty, or provision against all possible contingencies, is not indispensable to the validity of an award—certainly to a common or reasonable intent is all that the law requires. If it be expressed in such language

that plain men acquainted with the subject matter can understand it, that is enough. Hence, when an award furnishes a substantial basis by which the parties can, by calculation, by reference to a fixed standard or rule of law, or by the inspection of particular things or documents, work out the contemplated result in accordance with the principles settled by, and the rights of the parties declared in, the award, it will be regarded as sufficient. In such cases the maxim, *Id certum est quod certum reddi potest*, applies. 5. C. J., pages 150 and 151, sections 360 and 361; Poggenburg v. Conniff, 67 S. W. 845, 23 R. 2463; Brown v. Warnock, 5 Dana 492; Short v. Kincaid, 1 Bibb 420; Baker v. Crockett, Hard. 388; Galloway v. Webb, Hard. 318. In case of real estate, the description of the property may be by reference, and if the description is certain to a common intent it will be sufficient. Thus an award which requires conveyances to be made of certain portions of land "up to the original claim lines" was held valid on the ground that parol evidence was admissible to establish such lines. Williams v. Warren, 21 Ill. 541. And in the case of Galloway v. Webb, *supra*, it was held that an award concerning land claims which decided their relative merits and the mode of surveying them, and left the boundary to be ascertained by survey, was not void for uncertainty. In the proceedings under consideration the contract of arbitration recites that there was likely to arise a lawsuit relative to certain lands lying in Wayne county and on the waters of Beaver creek, between Absalom Miller, as plaintiff, and the other parties who signed the contract as defendants. For this reason the plaintiff and defendants selected certain persons as arbitrators. The title papers of the parties were submitted to the arbitrators. Thereupon the arbitrators awarded to the defendants, who had patent land, all the land within their respective boundaries, and to Absalom Miller the remainder of the boundary of his big survey. In other words, the finding was for the defendants to the extent of the conflict of their patents with the big survey of the plaintiff, and by referring to these patents the award itself furnished the means by which the lands involved could be identified. That being true, all that the parties, or any man of common sense, had to do in order to understand exactly what was decided by the arbitrators was to examine the patents

under which the parties claimed at that time, and, in the absence of a showing to the contrary, we shall not assume that an examination of the patents would have resulted in any confusion or uncertainty as to the property covered by the award. At the time the award was made it was not objected to on the ground of uncertainty, nor was it ever afterwards attacked on the ground of fraud or mistake. On the contrary, it appears to have been acquiesced in by Absalom Miller during his lifetime. We, therefore, conclude that the award is not void for uncertainty, but estops J. W. M. Miller, who claims through his father, who was a party to the proceedings, from claiming that his title is superior to that of Burnett and Adkins. Under the circumstances, the judgment in favor of Adkins was proper and the chancellor erred in not rendering judgment in favor of Burnett. Without entering into a discussion of Adkins' complaint of the judgment in his favor, as presented by his cross-appeal, we deem it sufficient to say that we find no merit in his contention.

Since Edwards' title conflicts with Miller's title and is inferior thereto, and since Edwards' claim to his land is not affected by the award, it remains to determine whether or not Edwards has shown title by adverse possession. The evidence shows that W. B. Jones, through whom Edwards claims, owned a tract of 50 acres which he purchased from Absalom Miller, and that he also obtained a patent for 50 acres adjoining that tract. Upon the latter tract he erected his family residence and had an actual adverse possession of said tract for much longer than fifteen years. It is admitted by Miller that Edwards has title to the two 50-acre tracts. The judgment merely awards Miller the 100-acre tract. It is insisted that the possession of Jones, under whom Edwards claims, extended to the 100-acre tract when he acquired the patent therefor, and thereafter included that tract. In support of this position we are cited to the cases of Cates v. Loftus' Heirs, 4 T. B. Mon. 439; Overton, &c. v. Perry, 111 S. W. 369; and Northrup's Trustees v. Sumner's Trustees, 132 Ky. 156. The rule in those cases is to the effect that where one takes title to unoccupied land adjacent to that upon which he lives and in which he claims the fee, his possession extends to the outside boundary of the newly acquired land. As we have since pointed out, however, the above rule does

not apply where the newly acquired land is held by another under a superior title. On the contrary, we have frequently written that a party who enters upon land to which he has title cannot, as against the superior title holder, extend his possession to an adjoining tract of land and acquire title thereto by adverse possession, without actually entering upon such adjoining tract and holding it adversely for the statutory period. Frazier v. Ison, 161 Ky. 379, 170 S. W. 977; Whitley County Land Co. v. Powers, &c., 146 Ky. 801, 144 S. W. 2; Bowling v. Breathitt Coal, Iron & Lumber Company, 134 Ky. 249, 120 S. W. 317; Altoona Trust Company v. Ison, 170 Ky. 706, 186 S. W. 515; Burt & Brabb Lumber Company v. Sackett, et al., 147 Ky. 232, 144 S. W. 34; Denny v. Abbott, 163 Ky. 499, 173 S. W. 1159. Here the 100-acre tract was covered by Miller's prior patent and Miller was in possession under that patent. The evidence fails to show that W. B. Jones entered upon the 100-acre tract and held it adversely for fifteen years. It, therefore, results that he did not acquire title to that tract by adverse possession and that the judgment in favor of Miller was proper.

In the Rice case there was a failure to show title by adverse possession. Since the patent under which he claims is inferior to the patent under which Miller claims, the only questions presented in the case are whether the plea of estoppel relied on by Rice is available, and whether he was entitled to judgment on Miller's failure to show that the land in controversy was outside of the exclusions referred to in his patent. The plea of estoppel is based on the following facts: In the year 1887, John H. Rice and wife borrowed from J. W. M. Miller and his brother the sum of $200.00, which was secured by a mortgage on the tract of land in controversy, and also on another tract. The money borrowed was used by John Rice to purchase the interests of his brothers and sisters in the land in controversy. Subsequently the money was paid. The evidence, however, fails to show that Miller knew that the Rice patent conflicted with his patent, or that the money borrowed by Rice was to be used for purchasing the interest of his brothers and sisters. Clearly, Miller did nothing to cause Rice to act to his own prejudice. The only thing that Miller did was to lend him the money, and that, too, without knowledge of the purpose for which it was

to be used. The mere fact that the loan was secured by a mortgage on the property, which neither of the parties then knew was included in the Miller patent, is not sufficient to estop Miller from thereafter asserting title to the property.

With respect to the second question, the following facts appear: Rice introduced a patent from the Commonwealth. The patent which Miller introduced was a prior patent and called for 2,530 acres, after excluding therefrom 2,480 acres which had been previously patented. The contention is made that the introduction of this patent, without showing that the land in controversy was outside of the exclusions therein mentioned, was not sufficient to overcome the *prima facie* case made out by Rice. Rice being the plaintiff, had to depend on the strength of his own title. Miller could defeat Rice's claim by showing that the land was covered by his prior patent, or by some other prior patent. One of two states of case is necessarily true: The land in controversy is either outside or inside of the exclusions referred to in the Miller patent. If outside, it is covered by the Miller patent; if inside, it is covered by prior patents. In either event, the patent under which Rice claims is invalid. That being true, it was unnecessary for Miller to show that the land claimed by Rice was outside of the exclusions referred to in the Miller patent.

In the case of G. W. Burnett v. J. W. M. Miller, the judgment is reversed and cause remanded for proceedings consistent with the opinion. In the cases of J. H. Edwards v. J. W. M. Miller and John Rice v. J. W. M. Miller, the judgment is affirmed. In the case of J. W. M. Miller v. W. J. Adkins, the judgment is affirmed both on the original and cross appeals.