## Bird, et al. v. McHargue.

(Decided November 8, 1918.)

Appeal from Clay Circuit Court.

Adverse Possession—Possession of Adjoining Tract—Actual Possession—Necessity.—Where a person enters upon land to which he has title, he cannot extend his possession to an adjoining tract of land held by another under a superior title, and acquire title thereto by adverse possession, as against the superior title holder,

without actually entering upon such adjoining tract of land and holding it adversely for the statutory period.

C. F. SPENCER and C. S. MOFFETT for appellants.

H. C. CLAY and W. O. B. LIPP for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-MISSIONER—Reversing.

This suit involves the title to a tract of land in Clay county, which is claimed by L. B. McHargue and by the defendant, the Kentucky River Timber & Coal Company. On a trial before a jury only the issue of adverse possession by plaintiff was submitted, and the jury returned a verdict in favor of plaintiff. Judgment was entered accordingly and the defendants appeal.

Plaintiff proved title under the Benjamin Wagers patent, granted November 26, 1883, while the Kentucky River Timber & Coal Company proved title under the John H. Cheever patent, granted May 4, 1871. The deed under which plaintiff claims title conveyed to him not only a portion of the land covered by the Benjamin Wagers patent but also a tract of land covered by the Deas patent, which tract of land is not in controversy. While defendants challenge the correctness of the location of the Wagers patent made by the trial court, we see no reason to disturb the finding of the court on that question. Since the land in controversy is covered by both the Cheever and Wagers patents, and the latter patent is inferior to the former, it is clear that plaintiff is without record title, and that his ownership depends on the sufficiency of his claim of adverse possession. A careful examination of the evidence convinces us that he only had actual possession of the adjoining tract covered by the Deas patent and that he never entered upon the tract in controversy and held the same continuously and adversely for the statutory period. That being true, the only question to be determined is, was the possession of the adjoining tract under the Deas patent, to which he had good title, sufficient to extend his possession to the tract in controversy to which he had no title? In taking the affirmative side of this proposition, plaintiff relies upon the cases of Cates v. Loftus, 4 T. B. Monroe 439; Overton v. Perry, 111 S. W. 369, 33 Ky. Law Rep. 939; Northup's Trustee v. Summer's Trustee, 132 Ky. 156, 116

S. W. 669, in which it was ruled that where one takes title to land adjacent to that upon which he lives and in which he claims the fee, his possession extends to the outside boundary of the newly acquired land. That doctrine, however, has been confined to cases where the adjacent and newly acquired land was unoccupied or was not held under a superior title, Burnett v. Miller, 174 Ky. 91, 191 S. W. 659, and it is now the well established rule that a person who enters upon land to which he has title cannot extend his possession to an adjoining tract of land, held by another under a superior title, and acquire title thereto by adverse possession as against the superior title holder, without actually entering upon such adjoining tract and holding it adversely for the statutory period. Burnett v. Miller, *supra;* Frazier v. Ison, 161 Ky. 379, 170 S. W. 977; Whitley County Land Co. v. Powers, etc., 146 Ky. 801, 144 S. W, 2; Bowling v. Breathitt Coal, Iron & Lumber Company, 134 Ky. 249, 120 S. W. 317; Altoona Trust Company v. Ison, 170 Ky. 706, 186 S. W. 515; Burt & Brabb Lumber Company v. Sackett, et al., 147 Ky. 232, 144 S. W. 34; Denny v. Abbott, 163 Ky. 499, 173 S. W. 1159; Brewer v. War Fork Land Company, 172 Ky. 598, 189 S. W. 717. Since the evidence failed to show that plaintiff actually entered upon the land in controversy and held it adversely for the statutory period, it necessarily follows that the motion of the defendants for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for new trial consistent with this opinion.