## Isaacs, et al. v. Maupin.

(Decided May 17, 1921.)

### Appeal from Estill Circuit Court.

1. Covenants—Eviction—Paramount Title or Right.—An evicted grantee of land may recover of his grantor on his warranty of title if the eviction was by paramount title.
2. Covenants—Paramount Title or Right—A title is paramount to another over which it will prevail in an ejectment suit.
3. Covenants—Warranty.—One who conveys land by general warranty deed which is in the adverse possession of another is liable on his warranty immediately, for the title fails from the beginning.
4. Covenants—Defense by Grantor—Eviction—Evidence.—A grantee of land under warranty deed may, by calling upon his grantor to defend, avoid the necessity of proving eviction by paramount title.
5. Covenants—Recovery by Evicted Grantee.—A grantor who has settled out of court with his grantee after eviction of the latter, may recover of his warrantors even though he did not litigate the claim before payment to his grantee, for one is not required to do a vain and useless thing by defending in court a just and obvious claim.

KELLY KASH for appellants.

HUGH RIDDLE and GRANT E. LILLY for appellee.

Opinion of the Court by Judge Sampson—Affirming.

Isaacs and Maupin exchanged lands in 1902, each making the other a deed of general warranty. The land which Isaacs conveyed to Maupin was in two tracts, containing in all 212 acres, and lay in Jackson county, while that which Maupin conveyed Isaacs was situated in Estill county. As the Jackson county tracts were unimproved wild land Isaacs gave two acres of it for one acre of the Maupin lands in Estill county and agreed and covenanted in the deed to Maupin that if the title to the lands in Jackson county should fail in whole or in part Maupin should have a lien on the lands in Estill county conveyed by him to the extent of such loss, if any. Maupin very soon thereafter, and without seeing the said lands, sold and conveyed by deed of general warranty all the Jackson county lands to Capt. Thomas, of Ford, Kentucky, at the price of five dollars per acre. Both Isaacs and Thomas died leaving heirs.

Finding that the Jackson county lands were in the possession of third parties, who asserted ownership thereof and were taking and removing the timber which constituted its chief value, the Thomas heirs brought two ejectment suits in the Jackson circuit court against the several claimants of the Jackson county lands, and notified and called upon Maupin, the vendor and warrantor of Thomas, to appear and make good his covenant of quiet enjoyment. Maupin claims to have given, by letter, a similar notice to the heirs of Isaacs, but this is not sustained by satisfactory evidence.

The two suits in the Jackson circuit court were duly prepared and tried, one before a jury and the other by the court, the defendants defeating the Thomas heirs in each case. Judgments were entered against the Thomas heirs adjudging them not the owners of all but a small portion of the Jackson county lands, the part which they saved not being claimed by the defendants. In those actions the Thomas heirs claimed title through Maupin and Isaacs to a certain Ambrose patent which they asserted covered and included the lands in controversy. This the defendants denied by answer and in a second paragraph asserted title to the lands by adverse possession. The plaintiffs were unable to show that the lands which they claimed, but lost in those suits, were embraced in the Ambrose patent. After judgments had been entered in those cases against the Thomas heirs they demanded of Maupin

that he make good the loss in acreage according to his covenant, and was about to file suit against him when he paid the Thomas heirs $1,100.00 in settlement. He thereupon demanded of the heirs of Isaacs a similar sum in fulfillment of their ancestor's warranty, but the Isaacs heirs denied liability and this suit was instituted by Maupin against them in the Estill circuit court to recover $1,100.00, with interest and certain costs, and he prayed that he be adjudged a lien on the Estill county lands which he had given Isaacs in exchange for the lands in Jackson county from which his grantee had been ousted by judgments of court. On a trial Maupin was awarded the sum of $856.75 and interest against the Isaacs heirs, being $5.00 an acre for the number of acres lost by Maupin and his grantee, and this sum was adjudged a lien against the Estill county lands.

In prosecuting this appeal the Isaacs heirs assert that the trial court erred to their prejudice in two respects: (1) In holding that Maupin was entitled to recover against them, who were not parties to the original action nor notified of its pendency without showing that his vendee had been evicted from the lands by one holding a paramount title; (2) in allowing a recovery against them without a showing that Maupin was compelled to pay the amount of the loss to the Thomas heirs, it being admitted that he compromised with them before suit was filed.

We will consider these questions in the order stated:

(1) It is a general rule that a grantee who has been evicted by paramount title may sue his immediate grantor or any one or more prior covenantors in the chain of title and recoup his loss. Even one who holds under a special warranty deed may sue a remote covenantor on his warranty. Thomas v. Bland, 91 Ky. 1.

If the vendee, as in this case, never obtains actual possession of the premises, because in the possession of an adverse claimant, a judgment against him in an ejectment suit commenced by him to obtain possession is equivalent to an eviction. In such case the title fails from the beginning and the grantee has a right of action as though evicted after entry. 7 R. C. L. 1153; 3 Litt. 118; Pryse v. McGuire, 81 Ky. 610.

But if he wants to avoid the necessity of proving the eviction by paramount title the vendee must give his vendor or covenantor timely notice of the litigation and call on him to make good his warranty, thus giving him a

chance to vindicate his covenant of title. If he fails to defend or does so unsuccessfully he is nevertheless bound by the judgment of eviction and cannot thereafter call it in question except for fraud or collusion. Graham v. Dyer, 16 Ky. L. R. 543; 7 R. C. L. 1197. If no notice is given by the grantee to the grantor of the litigation and the grantee undertakes to defend but is unsuccessful he cannot rely upon the judgment of eviction alone to establish his right to recover against his grantor, for such judgment is only evidence of the eviction, not that it was by paramount title in the hands of the adversary claimant, and the vendee is obliged to aver and prove that the eviction was by paramount title. 7 R. C. L. 1148; 17 Ky. L. R. 213; 30 Ky. L. R. 1044; 100 S. W. 232.

"It has become customary in most of the states of this country, whenever an action is brought upon a paramount claim against any person entitled to the benefit of the covenant of warranty of title, that he should give proper notice to such warrantor of the pendency of the suit, requiring him to come in and defend it, and by so doing he relieves himself from the burden of proving in an action for breach of the covenant, the validity of the alleged paramount claim. The doctrine is well established that a judgment against a warrantee, in an action of which the warrantor had proper notice, is conclusive against the warrantor, in the absence of fraud or collusion." 7 R. C. L. 1197-8.

Failure to give notice of the pendency of such litigation to the covenantor, however, does not take away the right of the evicted vendee to have a recovery, but only puts upon him the additional burden of proving that the title which the vendor warranted to him was at the time of the conveyance subordinate to the title under which the adversary claimant of the lands evicted him.

Though Maupin gave no notice to the Isaacs heirs of the pendency of the two suits in the Jackson circuit court, he nevertheless had the right to recover on the warranty of the ancestor of the appellants by showing that the title which he warranted to Maupin was subservient to the title of those who held and claimed the lands which his said deed purported to convey and that the heirs of Isaacs received estate from him sufficient to cover the loss. The judgments in the original action were sufficient to prove the eviction—nothing more. Other evidence in the record proves that the Thomas heirs' title failed because there were persons in the actual pos-

session of the lands at the time and long before the conveyance of Isaacs to Maupin, claiming the lands under a different title, which title was paramount to any title which the Thomas heirs were able to prove rested in them. One in the actual possession of lands with no other right has a superior title to all other persons who are unable to prove complete paper title, and such a possessory title is paramount to a paper title which cannot be traced to the Commonwealth. It being admitted that the defendants in the Jackson county suits were in the actual adverse possession of the lands, claiming it as their own and denying the title of the Thomas heirs under the Isaacs and Maupin chain of title, the burden was on the Thomas heirs who brought the suits to sustain their claim of title. That title is superior and paramount which will prevail over that which is asserted against it, and the title of the claimants in possession of the Jackson county lands must be held paramount to that of the Thomas heirs.

When lands are exchanged, and the title to one of the tracts, which in the exchange between the parties was conveyed with general warranty, fails, a recovery may be had against the grantor for the value of the lands, with interest and costs, and the value fixed and agreed upon at the time of the exchange will be taken to be the true measure of the damages recoverable. 7 R. C. L. 1172.

(2) It is insisted that Maupin had no right to compromise with the Thomas heirs after their eviction and that such a compromise is not binding on the Isaacs heirs. It may be conceded that the compromise agreement is not binding on the Isaacs heirs although Maupin had a right to make the best bargain he could after it was manifest that he was liable to the Thomas heirs for a loss of a great number of acres of the Jackson county land. The law does not require one to do a vain and useless thing or to litigate a perfectly obvious claim, but it rather discourages such litigation and favors compromises and settlements out of court. If, however, in the compromise Maupin paid more than the law would have exacted he cannot recover the excess but only so much as he was legally bound to pay. He was bound on his warranty to make good the loss sustained by the Thomas heirs by the eviction, and it would have served no useful purpose for Maupin to have denied so obvious a liability and put the Thomas heirs to the expense and necessity of instituting

a suit and the courts to the trouble of deciding a case which it is admitted could have had but one conclusion. Had there been no eviction there could have been no compromise or settlement that would have entitled Maupin to recover, for an eviction must precede every recovery on a covenant of general warranty. 17 Ky. L. R. 213.

The amount recovered by Maupin is no more than he is entitled to have, but much less than the sum expended by him in defending two suits and in satisfying the compromise agreement.

No error appearing to the prejudice of appellant the judgment is affirmed.