### Leach v. Taylor, et al.

(Decided December 5, 1924.)

### Appeal from Ohio Circuit Court.

1.  Quieting Title—Plaintiff Must Prove Title and Actual Possession. —To sustain action to quiet title under Ky. Stats., section 11, plaintiff must prove both title and actual possession of land.

2.  Quieting Title—One in Possession May Retain and Protect Possession Against Everyone Not Legally Entitled Thereto.—One in possession of land may retain and protect possession against everyone not legally entitled thereto.

3.  Injunction—Evidence Held to Sustain Cause of Action for Enjoining Wrongful Entry and Trespass Under Void Tax Deed.— Uncontradicted evidence that plaintiffs claiming title had fenced land and were in actual possession when suit to quiet title was filed, and when defendant entered thereon under void tax deed, sustained cause of action set up in amended petition alleging that since filing of action defendant had wrongfully entered on land under void tax deed and would continue to trespass upon the land unless enjoined.

4.  Appeal and Error—Order Permitting Filing of Amended Petition Not Reviewable, where Defendant Failed to Except to Order Filing Amendment.—Under Civil Code of Practice, section 334, whether court erred in permitting plaintiff to amend petition could not be considered on appeal, where though defendant objected to filing amendment to petition he did not except to order filing it.

OTTO C. MARTIN and HEAVRIN & HEAVRIN for appellant.

W. P. SANDIDGE, A. D. KIRK, CLARENCE BARTLETT and SANDIDGE & SANDIDGE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellees by their petition asserted ownership and actual possession of a described tract of land, and alleged that appellant was also claiming title thereto under a tax deed, alleged to be void. They prayed that his deed be annulled, and that their title to the land be quited.

Hence the action was clearly and simply one to quiet title under section 11 of the statutes, and, under the many decisions of this court, in order to sustain same it was incumbent upon plaintiffs to prove both title and actual possession of the land. Combs v. Turner, 193 Ky. 636, 237 S. W. 37, and cases cited in a note to the statute. Defendant by his answer simply traversed the allegations of the petition, and did not seek to have his deed established or affirmative relief of any kind.

To show title, plaintiffs attempted to prove an adverse possession for the statutory period, but failed, we think as did the chancellor, in this effort; and for this reason it is now insisted the court erred in not dismissing the petition and in enjoining the defendant from trespassing upon the land.

The above cases make it clear that the judgment was not authorized by the original petition and proof offered to sustain its averments. But before submission, plaintiffs filed an amended petition in which they reiterated the averments of title and possession by them, and alleged that since the filing of the action the defendant had wrongfully entered upon the land and committed trespasses thereon under his tax deed; that same was void, and he would continue to trespass upon the land unless enjoined. This pleading was traversed of record, and it is apparent the judgment is based solely upon a trial of these issues, and wholly ignores the issues presented by the original petition.

Hence the question for decision is not whether the original petition should have been dismissed, as in effect it was, but whether the judgment enjoining the defendant from interfering with plaintiff's possession was warranted by the amended pleadings and the proof on the issues thereby presented.

It was proven without contradiction that plaintiffs, claiming title, had enclosed the land with a fence, and were in the actual possession thereof when the suit was filed and when thereafter defendant entered upon same, erected a shanty thereon and began plowing a part of

same: In addition, plaintiffs proved, also without contradiction, that defendants' tax deed was void for several of the reasons assigned in the amended petition.

It is thoroughly settled that one in possession of land may retain and protect his possession against everyone not legally entitled thereto. Tucker v. Phillips, 2 Met. 416; Isaacs, et al. v. Maupin, 191 Ky. 527, 231 S. W. 49; Combs v. Turner, 193 Ky. 636, 237 S. W. 37; Crate v. Strong, 24 Ky. L. R. 710; Hall v. Dayton, 24 Ky. L. R. 314; Bowling v. Breathit, etc., Co., 134 Ky. 249, 120 S. W. 317.

Hence it is clear that the evidence, though failing to sustain the cause of action asserted in the original petition, fully sustains the wholly different cause of action set up in the amended petition, and that the judgment rendered thereon must be affirmed unless the court erred in permitting plaintiffs to file the amended petition. This question, however, is not here, since, although the defendant objected to the filing of the amendment, he did not except to the order filing same. Section 334 of the Civil Code; Miller's Ky. Appellate Practice, section 44, and many cases cited under both texts.

Wherefore the judgment is affirmed.