## Skaggs, et al. v. Skaggs.

### (Decided February 9, 1926.)

### Appeal from Johnson Circuit Court.

1. Boundaries—Line Described in Prior Conveyance, Declared True Line, Where Subsequent Deeds Called to Run With Line of Former.—Where boundary line was in dispute, and title of one owner was prior in time, and subsequent deeds, under which the other claimed, called to run with line of former, dividing line as described in former deed would be located and declared the true line.

2. Boundaries—Tree in Line Marked as Corner Held Starting Point of Last Call.—Where boundary was described as running "with said L.'s line to opposite the beginning corner," and thence in straight line to beginning corner, tree in L.'s line, marked as corner, held starting point of last call, and not point claimed which could not be reached by running with L.'s line.

3. Adverse Possession—Adverse Possession to Disputed Boundary Cannot be Established, Where Line Not Fenced or Marked.—One of two adjoining landowners could not establish title to disputed strip by adverse possession, where line had never been marked nor boundary inclosed.

4. Boundaries—Building of Fence Without Agreement to Settle Dispute Not Establishment of Agreed Line.—That each of adjoining owners built fence along portion of line claimed by one, not pursuant to any agreement to settle dispute, was not establishment of agreed line.

HOWES & HOWES for appellants.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This appeal challenges the correctness of a judgment fixing the dividing line between appellants and appellee, and awarding to appellants all the land on the east side of the line, and to appellee all the land on the west side of the line.

Appellants and appellee claim through a common grantor, James Holbrook. Holbrook conveyed to James

Stinson on March 1, 1883, and Stinson in turn conveyed to appellant, John C. Skaggs, on February 25, 1888. Both deeds contain the following calls:

> "With Ward's line to John Lyons' line and with said Lyons' line to opposite the beginning corner; thence a straight line down the point to the beginning corner."

On the other hand, appellee's title is derived in the following way: Holbrook conveyed to Hibbie Isabelle Isom on February 17, 1887, by deed containing the following calls:

> "Thence running with John Lyons' line to John Skaggs' line; thence with said John Skaggs' line to the upper Laurel Fork of Big Blaine."

Isom conveyed to Williams on March 25, 1903. Williams conveyed to appellee, M. L. Skaggs, and John C. Wright on August 4, 1906. On July 6, 1908, Wright and Skaggs divided the land, Skaggs receiving that portion adjoining the land of appellants. The land conveyed to M. L. Skaggs is described as follows:

> "Beginning on the top of the ridge near Al Lyons' line on a pine tree; thence with Al Lyons' line to John C. Skaggs' line to the top hill to a black walnut tree, a corner made between John C. Wright and M. L. Skaggs; thence north with said conditional line to Jeff Lester line; thence east with a cross fence down the hill and a straight line to the beginning corner, containing seventy-five acres, more or less."

As appellants' title is prior in time, and the subsequent deeds to appellee's predecessors in title call to run with the line of appellant John C. Skaggs, it is at once apparent that when the dividing line as described in the deed to John C. Skaggs is located there is an end to the controversy so far as the record title is concerned. The line in dispute is "thence a straight line down the point to the beginning corner." To determine the beginning point of this line it is necessary to fix the location of the preceding line, "and with said Lyons' line to opposite the beginning corner." At the point claimed by appellants as being opposite the beginning corner there is a chestnut oak, which is marked as a corner tree. There is evidence that this tree is in John Lyons' line and is a

corner called for by his patent. To reach this corner the requirement of appellants' deed to run with John Lyons' line is fully met, as is a similar requirement in the deeds under which appellee claims. However, if we place the point opposite the beginning corner at the place claimed by appellee, it is impossible to run with John Lyons' line and reach that point. We are therefore of the opinion that the chestnut oak corner, claimed by appellants to be the point opposite the beginning corner, is the true corner, and that the true dividing line is the straight line from that point to the beginning corner. The result is that the deed under which appellee claims does not cover the land in dispute, and the only ground on which he can recover is that of adverse possession or the establishment of an agreed line. The line claimed by appellee has never been marked or fenced throughout. As the line is not marked, or the boundary enclosed, the plea of adverse possession can not be sustained. Nor are the facts sufficient to show that the parties agreed to settle a *bona fide* dispute by establishing an agreed line and executing the agreement. All that appears is that each of the parties a few years ago built a fence along a portion of the line claimed by appellee as the dividing line. This was not pursuant to any agreement to settle their dispute, but, appellants contend, was due to a mistake as to the proper location of the line.

On the whole, we conclude that the court should have located the dividing line as hereinbefore indicated, and have entered judgment accordingly.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.