### Ward v. Johnson et al.

(Decided Jan. 28, 1938.)

(As Modified on Denial of Rehearing March 11, 1938.)

R. S. ROSE and JESSIE DOYLE for appellant.

FORESTER & CARTER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

This is an appeal from a judgment of the Harlan circuit court sustaining a demurrer to the petition as amended of the appellant, who was the plaintiff below. After amending her petition twice, appellant declined to plead further, and her petition was dismissed. This appeal followed.

As originally filed, the petition simply sought to set aside the sale of certain pieces of property pursuant to the foreclosure of a mortgage on the ground of the improper appraisement thereof before sale. A demurrer was sustained to this original petition, and it is not even contended now that a cause of action was stated in that instrument. Thereafter appellant completely abandoned the theory of her original petition, and in her two amended petitions she asserts that the appellees, A. J. Johnson and Cora E. Johnson, his wife, conveyed the parcels of land involved to her by deeds of general warranty executed and delivered in 1922. Some time after she purchased the land, appellant says that she became financially embarrassed and was compelled to borrow some money. The appellee A. J. Johnson became her surety on a note at the bank and took as security a mortgage on the property which he had theretofore conveyed to her. Thereafter he was compelled to pay the note at the bank, and he thereupon foreclosed his mortgage and bought the property.

Appellant alleges by way of conclusion that during the period before the note was paid she undertook to secure a loan through the Home Owners' Loan Corporation, but "they discovered the title was bad and they turned the said loan down by reason of the fact that it was no good and not sufficient title." She nowhere says how the title was defective, but contents herself with the assertion "that the title of said land at all said times was in the Howard heirs and not in the defendants at all."

There is nothing in the petition to indicate that appellant was ever evicted from the property under

the asserted title of the Howard heirs. With exceptions not here material, it has long been the rule in this state "that the vendee of land cannot maintain an action upon his warranty of title until he has been evicted, or his title adjudged inferior in some suit brought by heirs to recover the land sold." Huff v. Cumberland Valley Land Co., 30 S. W. 660, 17 Ky. Law Rep. 213; Todd v. Finley, 166 Ky. 546, 179 S. W. 455; Waggener v. Howsley's Adm'r, 164 Ky. 113, 175 S. W. 4; Isaacs v. Maupin, 191 Ky. 527, 231 S. W. 49.

Furthermore, "it is the duty of the purchaser to point out any defect in title to which he objects, and give to the seller an opportunity to correct same, if he can, within reasonable time." Bean v. Brown, 202 Ky. 215, 259 S. W. 47, 49. So far as the petition before us is concerned, there is nothing to show whether the defect in title complained of is one which could or could not be corrected. Certainly we cannot conjecture a cause of action from the vague statements and conclusions in appellant's petition.

She argues that she is entitled to remuneration from appellees under the Occupying Claimants Law, Kentucky Statutes, sec. 3728 et seq., and also because appellees stood by and let her improve the property with knowledge that her title was defective. If appellant had any claim for the amount by which her improvements on the property had enhanced its vendible value, it would be against the true owner, and not appellees. So far as her claim rests on the alleged fact that appellees stood by and permitted her to make improvements with knowledge that her title was defective, it is obvious that she has suffered no loss on this score. She was unable to pay off the mortgage on the property for which appellee A. J. Johnson was surety, and there is nothing in the record to indicate that she could have paid off a mortgage to the Home Owners Loan Corporation with any more facility. She lost the property because of her failure to pay the debt against it, and not because of any act on the part of appellees. If appellant has any cause of action at all against appellees, it is plain that it ultimately rests on the claimed breach of the covenant of general warranty. As we have pointed out above, the petition totally fails to state facts from which such a cause might be deduced.

Judgment affirmed.