## Goodwin v. McNeill et al.

February 9, 1951.

Elvin J. Stahr, Judge.

L. R. Smith for appellant.

F. B. Martin for appellees.

JUDGE LATIMER—Affirming.

Earl Goodwin instituted this action in the Graves Circuit Court against Herman McNeill and Bettie McNeill charging wrongful entry on his land and cutting trees therefrom of the value of $1,000.

After general denial, defendants alleged that they had legal title and were in possession of the strip of land from which the trees were cut by them; and that they held same by deed going back to the common owner of both tracts. They alleged an agreement with the previous owners of plaintiff's property and further alleged adverse possession. They alleged that plaintiff's claim of the strip in controversy constituted a cloud upon their title and asked that same be quieted. Motion was made to strike from defendants' answer and counterclaim everything except the general denial on the ground that the counterclaim constituted a new cause of action.

The court overruled this motion, and upon defendants' motion transferred the case to equity. The court adjudged that the line between the land of plaintiff and defendants was agreed to more than 30 years ago and that Herman McNeill and Bettie McNeill have owned the property openly, notoriously, continuously, adversely, and peacefully for more than 30 years up to the line following the old fence row. It was adjudged, therefore, that defendants did not cut any timber on the lands of plaintiff and plaintiff's petition was dismissed. From that judgment this appeal is prosecuted.

Appellant bases his claim entirely upon the description as found in the deed to lots No. 3 and 4 chaining back to his predecessor in title, Martha L. Snyder by a deed dated August 23, 1879.

Appellees claim that they and their predecessors in title had, for more than 30 years, been the owners in

open, continuous, exclusive, notorious, and adverse possession of their tract of land designated as lot No. 2 in the division of the lands of J. J. McNeill. They further claim that the line between lot No. 2, owned by appellees, and lot No. 3, owned by appellant, was clearly marked and identified, agreed to and acquiesced in by all of appellant's predecessors since the division in 1866.

It is conceded that the lands of appellant and appellee came from a common source. Appellant, by his deed had title to lots No. 3 and 4 and described in the deed by metes and bounds. Appellant obtained deed to his land in December 1940. Appellees got their land from inheritance from J. W. McNeill, who obtained his deed to the property from S. A. Moore in 1890.

Appellant states a number of reasons why the judgment should be reversed. It is first maintained that appellees, in seeking to quiet title, must prove legal title and actual possession of the land in controversy at the time the counterclaim was filed. In support thereof he cites Leach v. Taylor, 206 Ky. 28, 266 S. W. 894. We have no quarrel with this position. The only question is whether or not appellees made such a showing.

It is then urged that since appellant's deed, in its chain, is prior in time to that of appellees, the claim of appellee must be limited either to a claim of adverse possession or to the establishment of an agreed line. Skaggs v. Skaggs, 212 Ky. 836, 380 S. W. 150, is cited in support of that position. There is no quarrel with that position either. Obviously, the court had this in mind as evidenced by the judgment.

It is next insisted that appellees cannot have, as against the holder of the legal title, actual possession of the land in controversy at the time the counterclaim was filed because the land claimed by appellees was not enclosed by them. Cases are cited in support of that view. That too is a matter of proof.

It is next insisted that the record shows appellees did not occupy the land in controversy continuously for 15 years, and cannot, therefore, claim it by adverse possession. That too was subject of proof.

The last point raised is that the record shows no line or fence agreement. We shall now discuss the proof.

It appears that appellant undertook to have the land surveyed on two occasions. Appellees were purposely not present at either. Undoubtedly, these surveys squared with the metes and bounds description as found in the deed to appellant. From that description and survey it is clearly shown that there was an overlapping onto the land as described in the deed. Appellees had the land in controversy, that is the overlapping part which encroached upon the described land of appellant, surveyed. They set up this description in their counterclaim to quiet title and claimed an old fence row as an established and agreed line between the properties of appellant and appellees.

The evidence shows, first, through a Mr. Higdon, who had known this land for a period of about 45 years and who had lived adjoining the land for more than 20 years, that a Mr. Ed Peoples, one of the owners of the land in the chain of the predecessors in title, had agreed with J. W. McNeill, father of appellee, Herman McNeill, as to the line and built a fence on the agreed line. He stated that he heard that agreement.

A number of witnesses testified that the fence was there; and that it had been built and rebuilt by appellees and the owners of the adjoining tract now owned by appellant.

Mr. Goad, who bought appellant's land in 1931, testified that there was a deteriorated old fence; that it was there when he bought the land; and that he never did claim any land beyond that fence.

Appellant admitted that when he purchased the land there was evidence of an old fence although he says it was torn down and could be driven across at any point.

Numerous other witnesses testified. Some of the testimony was more or less conflicting. However, the evidence was abundantly sufficient to justify the Chancellor in concluding the line to have been established by agreement more than 30 years prior to appellant's purchase of the land, and that the land up to that line had been held openly, notoriously, and adversely for more than the prescriptive period.

The judgment is affirmed.